UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WALGREEN CO., GREGORY D. WASSON, AND WADE MIQUELON, <br><br> Defendants. | Civil Action No. 1:15-cv-03187-SJC-MMR <br><br> Honorable Sharon Johnson Coleman |

**LEAD PLAINTIFF'S OPPOSITION TO
DEFENDANTS' REQUEST FOR BIFURCATION OF DISCOVERY**

Pursuant to the Court's January 30, 2017 Order (Dkt. 92), Plaintiff respectfully submits this opposition to Defendants' request to bifurcate discovery.

## I. INTRODUCTION

Defendants' request to bifurcate "class" discovery from "merits" discovery is an unfounded effort to further delay this litigation and avoid defending Plaintiff's claims on the merits. The bifurcation scheme that Defendants propose is not only inconsistent with the law governing securities class actions and the decisions of the overwhelming majority of courts in this district and throughout the country, it also would lead to greater inefficiencies, more protracted litigation, and higher costs. Defendants have failed to establish the requisite "good cause" for such a drastic remedy. Their request should be denied.

*First*, Defendants' bid for bifurcation hinges on speculative legal and factual arguments regarding the ***merits***-based issues of loss causation that are not properly addressed at class certification. Compare Dkt. 90 at 7 ("the statements at issue in this case ***could not have proximately caused [] any losses***") with *Schleicher v. Wendt*, 618 F.3d 679, 687 (7th Cir. 2010) ("plaintiffs need not establish loss causation before a class can be certified"); *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2183 (2011) ("*Halliburton I*") (same).[1] Accordingly, bifurcation serves no legitimate purpose here and would not efficiently resolve the merits-based arguments raised by Defendants.

*Second*, bifurcation would materially delay—not expedite—the litigation. This action has been pending since April 10, 2015, without discovery. Any further suspension of merits discovery will severely prejudice Plaintiff by protracting the litigation and increasing the risk that crucial evidence will be lost through fading memories and/or third party preservation issues.

*Third*, bifurcation will exponentially *increase* the cost of litigation and the time and resources necessary to fairly prosecute this case. These costs include, *inter alia*: (i) increased motion practice regarding the indistinct lines between "class" and "merits" discovery; (ii)

---

[1] All emphasis is added and internal citations are omitted unless otherwise indicated.

increased use of court resources in hearing and resolving those disputes (including courts in other districts who may be required to resolve third party subpoenas); (iii) inefficient duplication of document and testimonial discovery efforts, including the likelihood that witnesses will have to be deposed twice; and (iv) increased costs and burden on third parties. Bifurcation will thus effectively spawn *two* separate complex litigations from a single coherent action. Bifurcation would require *at least* two rounds of disputes regarding the location, search for, and production of relevant ESI in response to both "class" and "merits" discovery requests; multiple sets of search terms, custodians and source material; and multiple rounds of relevance and scope disputes with Defendants and third parties (which likely will result in twice the amount of motion practice). Bifurcated discovery also would invite mass confusion and lead to increased burdens and costs for third parties who will inevitably need court guidance regarding disputes about the lines between class certification and merits discovery.

*Finally*, notwithstanding the increased costs of bifurcation, there simply is no practical or efficient way to disentangle class and merits discovery. There is no overarching document request sufficient to isolate "class certification discovery." Nor is it reasonable—particularly for subpoenaed third parties—to expend time and resources parsing the parties' discovery requests and litigating the blurry distinctions between class and merits issues. This is precisely why the vast majority of courts presiding over securities class actions—including the Magistrate Judge in this case—routinely reject bifurcation. *See In re Groupon, Inc. Sec. Litig.,* 2014 U.S. Dist. LEXIS 26212, at *14 (N.D. Ill. Feb. 24, 2014) (Rowland, J.) ("Courts increasingly find that class certification and merits issues overlap."). Accordingly, the Court should reject bifurcation here.

## II.  ARGUMENT

### A.  The PSLRA Does Not Authorize Bifurcation of Discovery

The PSLRA mandates an automatic stay of discovery during the pendency of a motion to dismiss. *See* 15 U.S.C. § 78u-4(b)(3)(B). Here, that stay was in effect since April 2015—more than 17 months. Once the court issued its Rule 12(b)(6) ruling, however, the stay was lifted, entitling Plaintiff to seek merits discovery. *See, e.g.*, *Groupon* 2014 U.S. Dist. LEXIS 26212, at

2

\*9-10. Defendants request for bifurcation effectively constitutes a *second* stay of discovery not authorized by the PSLRA. *See In re Semgroup Energy Partners, L.P., Sec. Litig.*, 2010 U.S. Dist. LEXIS 135209, at \*13 (N.D. Okla. Dec. 21, 2010) ("this case has been pending for more than two years, and discovery has already been stayed for most of that period under the PSLRA. Bifurcation will almost certainly lead to further delay in the resolution of plaintiffs' claims."); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40-41 (N.D. Cal. 1990); *Burges v. BancorpSouth, Inc.*, 2015 U.S. Dist. LEXIS 145635, at \*10-11 (M.D. Tenn. Oct. 26, 2015); *City of Pontiac Gen. Empls.' Ret. Sys. v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392 (W.D. Ark. Jun. 18, 2015) (same). Defendants provide no basis to impose a second—and more inefficient—stay of merits discovery now. Indeed, "the Federal Rules could easily have provided for a stay pending class certification, but they do not." *Gray*, 133 F.R.D. at 40-41.

### B. Defendants Cannot Demonstrate "Good Cause" for Bifurcation

The party seeking to bifurcate discovery bears a "heavy burden" of making a "strong showing" of "good cause" for such an order. *Gray*, 133 F.R.D. at 40; *see also Groupon,* 2014 U.S. Dist. LEXIS 26212, at \*5; *New England Carpenters Health and Welfare Fund v. Abbott Labs.*, 2013 U.S. Dist. LEXIS 35644, at \*9 (N.D. Ill. Feb. 20, 2013) (Rowland, J.) (same); *Hines v. Overstock, Com, Inc.*, 2010 U.S. Dist. LEXIS 70205 (E.D.N.Y. July 13, 2010) (same). In making such a showing, "[i]dle speculation" or "stereotyped or conclusory statements" do not suffice. *Gray*, 133 F.R.D. at 40; *Groupon,* 2014 U.S. Dist. LEXIS 26212, at \*5. Rather, "good cause" must be shown through "a particular and specific demonstration of fact." *Id*. Here, Defendants' arguments for staying merits discovery are conclusory, speculative, and "could be made in virtually any class action securities fraud case." *Burges*, 2015 U.S. Dist. LEXIS 145635, at \*10-11. Each of the factors considered by courts—expediency, economy, and severability, *see Groupon,* 2014 U.S. Dist. LEXIS 26212, at \*5-6—weighs against bifurcation.

3

### 1. Defendants' Bifurcation Arguments Are Based on Merits Issues That Cannot Be Resolved At Class Certification

Defendants' bifurcation theory hinges on an erroneous legal premise that ignores controlling precedent regarding the limits of the class certification inquiry in securities litigation. *First*, they assert that "the statements at issue…***could not have proximately caused [] any losses***." Dkt. 90 at 7. This is a textbook loss causation dispute, which is not a class certification issue because it requires a fact-intensive, merits determination. *See Halliburton I*, 131 S. Ct. at 2183 (plaintiff "need not" establish loss causation to obtain certification); *Schleicher*, 618 F.3d at 687. Indeed, "[w]hether Defendants' alleged misrepresentations caused [] loss is one of the ultimate issues in this case and ***the Court cannot decide it until the parties have had the full benefit of discovery***." *Silverman v. Motorola, Inc.*, 259 F.R.D. 163, 171 (N.D. Ill. 2009); *see also Roth v. AON Corp.*, 238 F.R.D. 608, 609 (N.D. Ill. 2006) ("disputes about loss causation concern factual questions ***not appropriate at the class certification stage of the game***").

In addition to requiring the "full benefit" of merits discovery, *Silverman*, 259 F.R.D. at 171, loss causation findings require comprehensive expert opinions on complex economics and statistical issues regarding the "cause" of stock price declines. *See, e.g.*, *Glickenhaus & Co. v. Household Int'l, Inc.*, 787 F.3d 408, 415 (7th Cir. 2015). Moreover, "[a] plaintiff is not required to show 'that a misrepresentation was the sole reason for the investment's decline in value' in order to establish loss causation" and "the burden does not, in the Seventh Circuit, rest with [] Plaintiff, at either the pleading or summary judgment stages, to apportion and quantify which part of its loss is attributable to disclosures of [fraud]-related information [as opposed to] other factors." *In re Motorola Sec. Litig.*, 505 F. Supp. 2d 501, 551 (N.D. Ill. 2007). No amount of bifurcated discovery will resolve these expert and discovery-dependent merits issues.

*Second*, Defendants' contention—without any discovery—that there cannot be any connection between Defendants' misstatements and the August 6, 2014 corrective disclosure because the "truth" was fully revealed on June 24, 2014, is unsupported speculation. Proving a "truth-on-the-market" defense not only requires substantive discovery and expert testimony

4

concerning loss causation, it also requires a *materiality* determination which, like loss causation, cannot be addressed at class certification. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1190 (2013) ("materiality need not be proved prior to [] class certification"); *Schleicher*, 618 F.3d at 687 ("Just as plaintiffs need not establish loss causation before a class can be certified, so they need not establish that the false statements or misleading omissions are material."); *In re Bridgepoint Educ., Inc. Sec. Litig.*, 2015 U.S. Dist. LEXIS 5137, at *18 (S.D. Cal. Jan. 15, 2015) ("a truth-on-the-market defense cannot be used to rebut the presumption of reliance at the class-certification stage"). Accordingly, those issues will not be addressed at class certification at all—let alone in a cost-effective manner that would support bifurcation.

**2. Bifurcation Will Substantially Delay, Not Expedite, the Litigation**

Bifurcating discovery will substantially delay the litigation and prejudice Plaintiff. Importantly, unlike other types of class actions (*i.e.*, consumer or employment), Plaintiff has not had the benefit of discovery for nearly two years, a factor which uniquely weighs against bifurcation. *See Groupon,* 2014 U.S. Dist. LEXIS 26212, at *10-11 ("[S]ecurities litigation is unique in this regard and the Court, in its discretion, is free to consider this fact when weighing the expediency (or lack thereof) of bifurcation."); *Semgroup*, 2010 U.S. Dist. LEXIS 135209, at *13 (same); *Wal-Mart*, 2015 U.S. Dist. LEXIS 79392, at *4 (same); *cf.*, *Hines*, 2010 U.S. Dist. LEXIS 70205, at *3-4. "Failure to permit simultaneous discovery of merits-related and class-related issues will further delay the length of the overall discovery period, thereby inhibiting plaintiffs from receiving an expeditious resolution of their claims." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, at *8-9 (E.D. Pa. Nov. 30, 2004). Any additional delay will prejudice Plaintiff and potentially cause the loss of key discovery (*e.g.*, through fading witness memories and difficulties locating and retrieving evidence).

In contrast, Plaintiff's proposed schedule contemplates expeditious resolution of class certification simultaneously with merits discovery. *See* Dkt. 88 at 5. This coordinated discovery plan is the standard practice in securities class actions and will, "to a considerable extent, alleviate defendants' concerns about extensive and costly discovery." *SemGroup*, 2010 U.S.

5

Dist. LEXIS 135209, at *11-13; *see also In re Hamilton Bancorp, Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 29139 (S.D. Fla Jan. 14, 2002). Defendants here can easily "respond to the class certification motion, given three months to do so, while also engaging in merits discovery." *Groupon,* 2014 U.S. Dist. LEXIS 26212, at *7. This is particularly true as defense counsel here includes multiple "national law firm[s] with over [2,500] attorneys" and ample resources. *Id.*

### 3. Bifurcation of Discovery Will Increase Costs of Litigation

As many courts have recognized, bifurcation of discovery will likely ***increase*** the costs of litigation and require the parties to expend additional resources. *See, e.g.*, *Groupon,* 2014 U.S. Dist. LEXIS 26212, at *14. For instance, bifurcation will require increased and ongoing judicial supervision "to resolve various needless disputes that would arise concerning the classification of each document [and interrogatory or deposition question] as 'merits' or 'certification' discovery." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009); *Hamilton*, 2002 U.S. Dist. LEXIS 29139, at *5-6. The parties will have to engage in needless briefing, lengthy meet and confers, and hearings simply to resolve the lines between class and merits discovery—which is virtually impossible in a PSLRA case.

Moreover, bifurcation would effectively create two separate litigations and double the time, resources, burden, and costs of the ligation. Bifurcation would make the litigation exponentially more complex and expensive, forcing the parties (and third parties) to engage in multiple rounds of: (i) document location, search, and review efforts; (ii) protracted discovery scope disputes; (iii) privilege reviews (and disputes concerning privilege); and (iv) discovery burdens on third parties. Such duplication of effort "would force both parties," as well as numerous third parties, "to incur unnecessary expenses and would further protract the litigation." *Plastics*, 2004 U.S. Dist. LEXIS 23989, at *11; *Hamilton*, 2002 U.S. Dist. LEXIS 29139, *5.

### 4. Class and Merits Discovery Are Inextricably Intertwined

Bifurcation of discovery is inefficient and inappropriate where class and merits discovery significantly overlap. *See Groupon,* 2014 U.S. Dist. LEXIS 26212, at *16; *Rail Freight*, 258 F.R.D. at 173 ("Courts must consider the degree to which the certification evidence is 'closely

6

intertwined' with, and indistinguishable from, the merits evidence in [assessing] bifurcation."); *Abbott Labs.*, 2013 U.S. Dist. LEXIS 35644, at *9-10 (same). Specifically, "an order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery." *SemGroup*, 2010 U.S. Dist. LEXIS 135209, at *11-13. In PSLRA cases, "[c]ourts increasingly find that class certification and merits issues overlap." *Groupon,* 2014 U.S. Dist. LEXIS 26212, at *14. Given Plaintiff's burden, it has a right to "develop the record fully before a class motion is considered." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298 (S.D.N.Y. 2012); *see also Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 199 (D.N.J. 2010).

This case is no exception. To obtain class certification, Plaintiff will have to establish that the Rule 23 requirements—*i.e.*, numerosity, commonality, typicality, adequacy and predominance—are met. *Schleicher*, 618 F.3d at 681. These questions necessarily implicate both class and merit-based facts, and the distinction between the two is "blurry, if not spurious." *Plastics*, 2004 U.S. Dist. LEXIS 23989, at *7. Thus, the difficulty, inefficiency, and impracticality of separating "class discovery" from "merits discovery" renders bifurcation unreasonable.[2] Even in the unlikely event that a class is not certified, "discovery into merits-based evidence is not necessarily wasted; the information 'may be valued circumstantial evidence' if litigation continues absent certification." *Id.* at 174-175; *see also SemGroup*, 2010 U.S. Dist. LEXIS 135209, at *13.

### III. CONCLUSION

For the foregoing reasons, Defendants' bifurcation request should be denied.

---

[2] Unlike certain consumer actions which face threshold Rule 23 issues (like commonality and ascertainability) complex securities actions are not so simplified and have unique overlap between class and merits discovery. Moreover, "[t]hings become infinitely more complicated [] when we are confronted with the possibility that there will exist, within a given type of document—such as e-mails, memoranda, or meeting minutes—items that are relevant to class certification, items that are relevant to the merits, and items that aren't relevant [] at all….[Defendants] do not propose exactly how [counsel] will [] create a search engine so refined and exquisite that it will yield information bearing on the certification question but not the merits." *Rail Freight*, 258 F.R.D. at 173.

7

Dated: February 6, 2017            Respectfully Submitted,

**KESSLER TOPAZ MELTZER & CHECK LLP**

/s/ Eli R. Greenstein
Eli R. Greenstein (IL Bar #90785879)
Jennifer L. Joost (*Pro Hac Vice*)
Rupa Nath Cook (*Pro Hac Vice*)
Paul A. Breucop *(Pro Hac Vice)*
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
egreenstein@ktmc.com
jjoost@ktmc.com
rcook@ktmc.com
pbreucop@ktmc.com

*and*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Johnston de F. Whitman (*Pro Hac Vice*)
Michelle M. Newcomer (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jwhitman@ktmc.com
mnewcomer@ktmc.com

*Lead Counsel for the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**

James E. Barz (No. 6255605)
Frank A. Richter (No. 631001)
ROBBINS GELLER RUDMAN
& DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (312) 674-4674
Facsimile: (312) 674-4676
jbarz@rgrdlaw.com

8

frichter@rgrdlaw.com
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

*Liaison Counsel for the Class*

9

## **CERTIFICATE OF SERVICE**

Eli R. Greenstein, an attorney, hereby certifies that on February 6, 2017, he caused the foregoing document to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

>  ***/s/ Eli Greenstein***
>  Eli R. Greenstein
>  KESSLER TOPAZ MELTZER
>  & CHECK LLP
>  One Sansome Street, Suite 1850
>  San Francisco, CA 94104
>  Telephone: (415) 400-3000