# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated | ) ) ) | Case No. 15-cv-3187 |
| | ) | |
| Plaintiffs, | ) | Judge Sharon Johnson Coleman |
| | ) | |
| v. | ) | |
| | ) | |
| WALGREEN CO., GREGORY D. WASSON, and WADE MIQUELON, | ) ) | |
| Defendants. | | |

## ORDER

The defendants' request to bifurcate class certification and merits discovery is granted. A schedule for discovery and the briefing of the anticipated motion for class certification will be set at the next status hearing.

## STATEMENT

In deciding whether to bifurcate class certification and merits discovery in complex class actions, courts in this district consider:

> (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed.

*Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 932 (N.D. Ill. 2013) (internal citations omitted).

Here, the interest of economy clearly favors bifurcation. The parties contest the proper scope of the class and whether the current class representative can continue to represent the class based on this Court's resolution of the defendants' motion to dismiss. It would be premature to

proceed with discovery on the merits prior to determining the proper scope of the class, and doing so would result in an excess of otherwise avoidable discovery disputes and in excessively broad discovery. Bifurcating discovery will also hasten this Court's resolution of the anticipated class certification motion. Although this Court notes that the class certification issues do substantially overlap with some aspects of merit-based discovery, this Court is confident that the cost of any duplicated discovery efforts will be offset by the litigation efficiencies that will result resolving the question of class certification prior to merits-based discovery.

A schedule for discovery and the briefing of the anticipated motion for class certification will be set at the next status hearing. The parties are encouraged to consider available mechanisms to contain the cost and burden of class certification discovery.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: February 22, 2017