UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WALGREEN CO., GREGORY D. WASSON, AND WADE MIQUELON,**<br><br>**Defendants.** | **No. 15 C 3187**<br><br>**Magistrate Judge Mary M. Rowland** |

## MEMORANDUM OPINION AND ORDER

In this case, Plaintiff claims that Defendants made material misrepresentations and omitted material facts concerning Walgreen's pharmacy business in violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934. On September 30, 2016, the District Judge granted Defendants' motion to dismiss all claims with the exception of the alleged statements in paragraphs 157, 163, and 173 of the amended complaint, which were made in March and April of 2014. (Dkts. 71 and 47 (Am. Compl.)). On February 22, 2017, the District Judge bifurcated class certification and merits discovery. (Dkt. 96). Before the Court is Lead Plaintiff's Motion to Compel Defendants to Produce Documents in Response to Document Request Nos. 11, 12, 16, 21, and 22 and to Answer Interrogatory No. 2. (Dkt. 104).

This Court is mindful that "[t]he boundary between a class determination and the merits may not always be easily discernible," *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981), and that the District Judge in this case stated that "class certification issues do substantially overlap with some aspects of merit-based discovery." (Dkt. 96 at 2). However, Plaintiff has not met its burden to demonstrate the relevance of the particular discovery requests to class certification. *See Ossola v. Am. Express Co.*, No. 13 C 4836, 2015 U.S. Dist. LEXIS 117531, at *22-23 (N.D. Ill. Sep. 3, 2015) (the party moving to compel has the burden of demonstrating the relevance of the discovery sought).

Plaintiff contends that Defendants' position is that Plaintiff should get "zero" class certification discovery. (Dkt. 104 at 3). This is not true. Defendants responded to Plaintiff's second set of discovery requests, which Defendants state "adhered to the Bifurcation Order by largely focusing on class related issues." (Dkt. 108 at 6). Plaintiff continues to review those discovery responses (Dkt. 109 at 7, n.8), but those requests are not the subject of the present Motion to Compel.

The discovery at issue requests internal Walgreens documents that (1) Walgreens considered prior to making certain announcements in the June 24 and August 6, 2014 public statements (RFP 11 & 12 (i)-(ii)); (2) supported Walgreen's public statements in SEC filings or in the press in 2013-2014 or that were prepared for various Board meetings regarding four specified topics (RFP 16 & 21); and (3) concerned the causes of changes in the price of common stock between March 25,

2014 and August 8, 2014, listing specified dates (RFP 22). Plaintiff asserts that it needs the information because Defendants might argue, in response to Plaintiff's motion for class certification: (1) truth-on-the-market and loss causation and (2) that the class period should end on June 24, 2014. (Dkt. 104 at 11). Regarding the first issue, Defendants represented at the hearing before this Court that they will not argue materiality and loss causation in response to the class certification motion and will adhere to relevant Supreme Court precedent. *See Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1199 (2013) ("materiality need not be proved prior to [ ] class certification"); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 807 (2011) (loss causation need not be proved at the class-certification stage). Defendants also stipulate that they will not rely on any of the non-public information that is the subject of Plaintiff's Motion to Compel to respond to the motion for class certification.[1] (Dkt. 108 at 1).

Regarding the scope of the class period, that is of course a matter for the district court judge. The Complaint alleges a class period of March 24 to August 5, 2014. (Am. Compl., at 1). The order on the motion to dismiss does state, as a matter of description, not as a finding, that the class period, "runs from March to June 2014." (Dkt. 71 at 4). But the opinion later observes that Walgreens "did not disclose the extent of the EBIT shortfall until August 6, 2014 . . . [and] [t]he disclosure of this shortfall caused Walgreens stock to plummet over 14% in a single day." (*Id.* at 5). Defendants will argue that the class period should end in June (*see* Dkt. 104 at 11 &

---

[1] It goes without saying that if Walgreen's expert relies on any of the documents sought, Defendants are obligated to produce those documents with their expert report.

Ex. E), while Plaintiff asserts the date prior to Walgreen's disclosure on August 6, 2014 should be the operative date. (Dkt. 114 at 1). The pertinent question for this Court is whether any of the requested discovery is relevant for this question.

The Court finds that none of the discovery requests at issue impact the question of class certification. In the standard securities fraud action, the class period coincides with "the period during which defendants' fraud was allegedly alive in the market." *Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 966 (N.D. Cal. 2005) (citation omitted); *see Nielsen v. Greenwood*, No. 91 C 6537, 1996 WL 563539, at *10 (N.D. Ill. Oct. 1, 1996) ("In securities actions . . . , the class period ends when curative information is publicly announced or otherwise effectively disseminated to the public."). Thus, the only documents relevant to the class certification decision involve information that was *publicly* available in the market. The *internal* Walgreens documents requested by Request Nos. 11, 12, 16, 21, and 22 will not assist the Court in determining when Defendants' alleged fraud was alive in the market.[2] Similarly, the questions of typicality, adequacy, predominance, and

---

[2] At the hearing before this Court, Plaintiff's counsel raised *Glickenhaus & Co. v. Household Int'l, Inc.*, 787 F.3d 408 (7th Cir. 2015) to argue that Defendants should produce nonpublic documents at this stage. But in *Glickenhaus*, the parties had stipulated to class certification, and the Seventh Circuit addressed issues raised after a jury trial. *Id.* at 413. Defendant in that case contended that the district court should not have limited it to asking class members about nonpublic information they relied on in deciding to buy the stock. The Seventh Circuit's opinion did not address discovery at the class certification stage or the scope of the class period. In *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014) (*Halliburton II*), also raised by Plaintiff's counsel at the hearing, the Supreme Court agreed that at the class certification stage, "defendants should at least be allowed to defeat the [*Basic*] presumption…through evidence that the misrepresentation did not in fact affect the stock price." Plaintiff does not explain how these cases support its position that it needs Walgreen's nonpublic documents to meet its burdens at class certification. And as

4

superiority are not affected by internal Walgreens information that was not otherwise disseminated to the investing public.[3]

In sum, Plaintiff has not met its burden to show the internal Walgreens documents sought are relevant to demonstrating the other elements of Rule 23 or are otherwise necessary to class certification. Therefore, Lead Plaintiff's Motion to Compel [104] is DENIED.

Dated: April 28, 2017    E N T E R:

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge

---

discussed, Defendant has represented it will not rely on the nonpublic documents requested in the Motion to Compel.

[3] Defendants have acknowledged that the elements of numerosity and commonality are satisfied here. (Dkt. 108 at 6, 9).