UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>   v.<br><br>WALGREEN CO., et al.,<br><br>           Defendants. | Case No. 1:15-cv-3187<br><br>Honorable Sharon Johnson Coleman<br><br>Honorable Gabriel A. Fuentes |

**LEAD PLAINTIFF'S MOTION TO COMPEL
DEFENDANT WADE D. MIQUELON TO PRODUCE DOCUMENTS PROVIDED TO
<u>THE SECURITIES AND EXCHANGE COMMISSION</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. PROCEDURAL HISTORY OF THE DISPUTE ................................................................ 5

III. ARGUMENT ....................................................................................................................... 5

    A. The Requested Documents Are Discoverable Under Rule 26 ................................ 5

    B. The SEC Documents Are Not Protected From Discovery Under FRE 408 or Federal Common Law .............................................................................................. 6

IV. CONCLUSION .................................................................................................................. 12

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alfaro v. City of San Diego*,
    2018 WL 4562240 (S.D. Cal. Sept. 21, 2018) ............................................................................7

*ArcelorMittal Ind. Harbor LLC v. Amex Nooter*, LLC,
    2016 WL 614144 (N.D. Ind. Feb. 16, 2016) ................................................................. 3, 7, 12

*Burden-Meeks v. Welch*,
    319 F.3d 897 (7th Cir. 2003) ............................................................................................10, 11

*Caruso v. Stobart*,
    2017 WL 10309294 (D. Wyo. Aug. 18, 2017) .......................................................................7, 8

*Clark v. Experian Info. Sols., Inc.*,
    2006 WL 626820 (N.D. Ill. Jan. 6, 2006) ......................................................................... *passim*

*CMFG Life Ins. Co. v. Credit Suisse Sec.* LLC,
    2017 WL 4792253 (W.D. Wisc. Oct. 23, 2017) ......................................................................11

*Davis v. Rowe*,
    1993 WL 34867 (N.D. Ill. Feb. 10, 1993) ................................................................................8

*FDIC v. Crowe Horwath LLP*,
    2018 WL 3105987 (N.D. Ill. June 25, 2018) ..........................................................................12

*In re Gen. Motors Corp. Engine Interchange Litig.*,
    594 F.2d 1106 (7th Cir. 1979) ...............................................................................................3, 7

*Kodish v. Oakbrook Terrace Fire Prot. Dist.*,
    235 F.R.D. 447 (N.D. Ill. 2006) ................................................................................................5

*Meharg v. I-Flow Corp.*,
    2009 WL 3032327 (S.D. Ind. Sept. 18, 2009) ..........................................................................7

*Noble Roman's Inc. v. B & MP, LLC*,
    2017 WL 1163866 (N.D. Ill. Mar. 29, 2017) ......................................................................6, 12

*Pactiv Corp. v. Multisorb Techs., Inc.*,
    2012 WL 1831517 (N.D. Ill. May 18, 2012) ...............................................................7, 10, 11

*Polyone Corp. v. Lu*,
    2015 WL 9489915 (N.D. Ill. Dec. 30, 2015) ............................................................................6

*In re Subpoena Issued to CFTC*,
  370 F. Supp. 2d 201 (D.D.C. 2005) .................................................................................. 7

*Wash.-St. Tammany Elec. Coop., Inc. v. La. Generating, LLC*,
  2019 WL 1950394 (M.D. La. May 1, 2019) ..................................................................... 7

*White v. Kenneth Warren & Son, Ltd.*,
  203 F.R.D. 364 (N.D. Ill. 2001) .................................................................................. 7, 10

*Whiteamire Clinic, P.A., Inc. v. Quill Corp.*,
  2013 WL 5348377 (N.D. Ill. Sept. 24, 2013) ................................................................ 5, 6

*Wine & Canvas Dev., LLC v. Muyllie*,
  868 F.3d 534 (7th Cir. 2017) ........................................................................................... 11

*Zurich Am. Ins. Co. v. Watts Indus., Inc.*,
  417 F.3d 682 (7th Cir. 2005) ........................................................................................... 11

## Other Authorities

Fed. R. Civ. P. 26 ............................................................................................................ *passim*

Fed. R. Civ. P. 26(a) ................................................................................................................ 2

Fed. R. Civ. P. 26(b) ................................................................................................................ 4

Fed. R. Civ. P. 26(b)(1) ........................................................................................................... 5

Fed. R. Civ. P. 34 .................................................................................................................... 2

Fed. R. Evid. 408 ............................................................................................................ *passim*

Fed. R. Evid, 408(a)(2) ......................................................................................................... 11

Fed. R. Evid. 408(b) ............................................................................................................. 12

Lead Plaintiff and Class Representative Industriens Pensionforsikring A/S ("Plaintiff") respectfully moves to compel Defendant Wade Miquelon ("Miquelon") to produce discrete documents disclosed to the Securities and Exchange Commission ("SEC") in connection with its investigation and enforcement proceedings against Walgreen & Co. ("Walgreens" or "Company"), its former Chief Executive Officer, Greg Wasson, and Miquelon ("Defendants"), in *In the Matter of Walgreens Boots Alliance, Inc., Gregory D. Wasson and Wade D. Miquelon*, SEC Release No. 10562, File No. 3-18850, which Miquelon is withholding pursuant to Federal Rule of Evidence 408 ("FRE 408").[1]

## I. INTRODUCTION

This certified class action asserts securities fraud claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 based upon misrepresentations and omissions between March 25, 2014 and August 5, 2014 (the "Class Period"), concerning Walgreens' performance and true financial condition, including the status of its publicly announced $9.0 to $9.5 billion FY16 EBIT Target, and the impact of generic drug price inflation and reimbursement pressures on the Company.

On September 28, 2018, following a three-year investigation, the SEC announced enforcement charges and an "Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Making Findings, and Imposing a Cease-and-Desist Order" against Defendants Walgreens, Wasson, and Miquelon. Ex. A (the "SEC Order"). The SEC Order found that Defendants "*misled investors* by failing to adequately disclose known

---

[1] Pursuant to L.R. 37.2, the parties, represented by Eli Greenstein for Plaintiff and Caz Hashemi and Evan Seite for Miquelon, among others, conferred by telephone on June 5, 2019 at approximately 1:00 p.m. CDT and exchanged numerous letters in an attempt to resolve this matter, including on June 27, July 12, and July 30. 2019, but were unable to reach agreement. Thereafter, Miquelon requested that the dispute be held in abeyance pending the motion to dismiss order.

increases in the risk to the company's ability to achieve the FY16 EBIT Goal." Ex. A, ¶ 30 (emphasis added). In a same-day press release, the SEC further explained its findings as follows:

> After completing the first step of the merger [with Alliance Boots], Walgreens' internal forecasts indicated that the risk of missing its 2016 projection had increase[ed] significantly. **But Walgreens, Wasson, and Miquelon repeatedly publicly reaffirmed the projections without adequately disclosing the increased risk.**
>
> "***Over multiple reporting periods, senior Walgreens executives mislead investors about the company's public financial goal*** . . . . The penalty assessed against Walgreens is intended to punish and deter such conduct, which ***deprived investors of information necessary to make fully informed investment decisions***."

Press Release, *SEC Charges Walgreens and Two Former Executives With Misleading Investors About Forecasted Earnings Goal*, U.S. Securities and Exchange Commission Press Release 2018-220 (Sept. 28, 2018), https://www.sec.gov/news/press-release/2018-220. As part of the Order, the SEC also announced a settlement of the charges under which Walgreens agreed to pay a $34.5 million penalty, and Wasson and Miquelon each agreed to pay $160,000. Ex. A, § IV, B–D.

Despite the initial disclosure requirements of Rule 26(a)—which mandate the identification of *all sources* of relevant information—and Plaintiff's document requests seeking information under Rule 34 regarding, *inter alia*, the FY16 EBIT Target and the impact of generic inflation and reimbursement pressures, Defendants never disclosed the SEC investigation to Plaintiff during the course of discovery. Nor did Defendants disclose the substantial cache of documents that had already been gathered and produced to the SEC, or the transcripts of testimony relating to the SEC investigation, all of which was indisputably relevant to the claims and defenses in this action.

Notwithstanding these violations of Rules 26(a) and 34, immediately upon learning of the SEC proceeding, Plaintiff sought all relevant discovery related to the SEC's investigation and enforcement action against Defendants, which Defendants inexplicably refused. Plaintiff subsequently moved to compel the SEC documents, which motion Judge Rowland granted in

2

substantial part on October 15, 2018. *See* Ex. B (Dkt. 167). Pursuant to that order, Walgreens produced, among other things, a detailed power point presentation made to the SEC during the course of its investigation. *See* Ex. C. The presentation included highly relevant factual information regarding certain of the alleged misstatements and disclosures and underlying facts at issue in this action, including Walgreens' *factual* representations and admissions about when certain events took place, which Walgreens' personnel were involved and/or had knowledge of certain facts, and Defendants' assertions about what they knew during the Class Period. Defendant Miquelon, however, refused to produce his own similar presentations and communications to the SEC, asserting that the documents are inadmissible "settlement" communications under FRE 408 and, therefore, not discoverable.

Miquelon's withholding of the SEC documents under the guise of FRE 408 is improper and misconstrues the meaning and intent of FRE 408. As an initial matter, "Rule 408 does not create any category of documents that is off limits from discovery." *Clark v. Experian Info. Sols., Inc.*, 2006 WL 626820, at *2 (N.D. Ill. Jan. 6, 2006). Rather, it is an evidentiary rule governing *admissibility* at trial—not discoverability under Rule 26. *See ArcelorMittal Ind. Harbor LLC v. Amex Nooter*, LLC, 2016 WL 614144, at *3 (N.D. Ind. Feb. 16, 2016) ("By its own language, Rule 408 governs the admissibility of settlement negotiations and not their discoverability."). Further, FRE 408 was directed at evidence reflecting "***express specific offers of compromise***," i.e., "offers, counteroffers, acceptances, drafts of the proposed agreed order." *Clark*, 2006 WL 626820, at *6. It was not meant to apply to factual information provided to the government, even if compiled as part of an effort to settle a government investigation. *Id*. Undoubtedly, this is why the Seventh Circuit has failed to recognize a common law settlement privilege protecting

3

settlement negotiations from discovery. *See In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 n.20 (7th Cir. 1979).

Miquelon has failed to identify any "express specific offers of compromise" in the presentations and concedes that the documents contain *factual* information and evidence relevant to claims and defenses under Rule 26(b). If Walgreens' similar presentations to the SEC are any indication, the documents are replete with relevant information having nothing to do with settlement offers. Moreover, even if admissibility was considered in assessing discoverability under Rule 26, the documents are relevant and admissible for other purposes such as, *inter alia*, corroborating underlying facts, identifying relevant witnesses (including third parties for potential subpoenas), establishing the timing of certain events, and establishing witness bias or prejudice. *See* FRE 408; *see also, e.g.*, *Clark*, 2006 WL 626820, at *2. Also, because Defendants have repeatedly attempted to characterize certain "findings" cited in the SEC Order (*see, e.g.*, Dkt. 223 at 11, 16, 20, and nn.12, 18; Dkt. 239 at 3-5, 12, and n.5), Plaintiff is entitled to discovery regarding the factual representations made to the SEC and the underlying information provided by Defendants. Undoubtedly, it is for these reasons that Walgreens produced its own SEC presentations to Plaintiff without asserting FRE 408 at all.

Accordingly, Plaintiff respectfully requests that the Court compel Miquelon to produce the SEC presentations and corresponding materials promptly to Plaintiff. To the extent the Court deems an *in camera* inspection necessary to resolve the motion, Miquelon has agreed to submit these materials to the Court. If, upon the Court's inspection, Miquelon's documents actually include *explicit* "offers or acceptances of valuable consideration" as part of specific settlement negotiations, Plaintiff does not oppose the redaction of those particular settlement communications from the documents. Miquelon's blanket withholding of such highly relevant documents in their

4

entirety, however, is inappropriate and inconsistent with well-settled FRE 408 jurisprudence. Respectfully, Plaintiff's motion should be granted.

## II. PROCEDURAL HISTORY OF THE DISPUTE

On March 26, 2019, in conjunction with Defendants' respective production of privilege logs, Miquelon informed Plaintiff that he was also withholding certain admittedly *non-privileged* documents consisting of a "settlement communication regarding the *Miquelon v. Walgreen Co.* litigation and two presentations and a submission to the Staff of the [SEC] as part of settlement negotiations" pursuant to FRE 408. *See* Ex. D (3/26/19 Letter from Hashemi to Greenstein).[2] Three months later, after Plaintiff began to press Defendants for specific details regarding the withheld documents, Miquelon informed Plaintiff that he was withholding two additional documents under FRE 408. Ex. E (7/30/19 Letter from Seite to Greenstein). The parties met and conferred extensively regarding the propriety of Miquelon withholding these documents, including through letters exchanged on May 29, June 27, July 30, and August 30, 2019, and a meet and confer held on June 5, 2019. Exs. E–H. Despite these efforts, the parties could not resolve the dispute and now agree the issue is ripe for resolution by the Court.

## III. ARGUMENT

### A. The Requested Documents Are Discoverable Under Rule 26

It is black letter law that a party may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, and the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation

---

[2] This representation was made in connection with Miquelon's production of a privilege log, in which he noted that he was not logging the documents being withheld pursuant to FRE 408. *See* Ex. D (3/26/19 Letter from Hashemi to Greenstein).

5

omitted); Fed. R. Civ. P. 26(b)(1). "If the party fails to make the requisite showing, [Rule] 37 allows the Court to" compel the party to comply with discovery. *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, 2013 WL 5348377, at *2 (N.D. Ill. Sept. 24, 2013) (citation omitted).

Here, Miquelon does not dispute the relevance of the SEC materials to the claims and defenses under Rule 26. Nor could he, as the documents are plainly relevant to the elements of falsity, materiality, scienter, and loss causation underlying Plaintiff's Section 10(b) claims. Indeed, Miquelon's factual representations and admissions to the SEC regarding the events underlying Plaintiff's claims and the timing of Defendants' knowledge of facts underlying Walgreens' FY16 EBIT Target, generic inflation, and reimbursement pressure are plainly relevant to this action. They also constitute party admissions and further could be used to elicit relevant evidence regarding factual timelines of evidence, the persons involved in relevant events or with knowledge of the relevant facts, differences between Miquelon's SEC presentations and Walgreens submissions (the latter of which Walgreens concedes is relevant and discoverable), and potential witness bias or prejudice. As such, Miquelon's SEC submissions are plainly relevant and discoverable under Rule 26, and there is no burden in re-producing the documents here.

    **B.    The SEC Documents Are Not Protected From Discovery Under FRE 408 or Federal Common Law**

Contrary to Miquelon's position that the SEC materials are entirely immune from discovery, "Rule 408 does not create any category of documents that is off limits from discovery." *Clark*, 2006 WL 626820, at *2, *objection overruled by Clark v. Experian Info. Sols., Inc.*, 2006 WL 931677, at *3 (N.D. Ill. Apr. 10, 2006) ("Judge Brown properly rejected Consumers' broad based assertion that Rule 408 prevents discovery of any documents related to its negotiations with the FTC."); *Noble Roman's Inc. v. B & MP, LLC*, 2017 WL 1163866, at *8 (N.D. Ill. Mar. 29, 2017); *Polyone Corp. v. Lu*, 2015 WL 9489915, at *4 (N.D. Ill. Dec. 30, 2015). To the contrary, FRE 408

6

is an evidentiary rule that provides a "narrow exclusion" to the ***admissibility at trial*** of: "(a) evidence of offers or acceptances of valuable consideration for the purpose of proving liability for or invalidity of a claim or its amount; and (b) evidence of conduct or statements made in compromise negotiations." *Clark*, 2006 WL 626820, at *2-3; *see also Pactiv Corp. v. Multisorb Techs., Inc.*, 2012 WL 1831517, at *5 (N.D. Ill. May 18, 2012) ("The Court finds no discovery privilege exists regarding settlement negotiations. Admissibility, of course, is an entirely different matter."); *ArcelorMittal Ind. Harbor*, 2016 WL 614144, at *3 ("By its own language, Rule 408 governs the admissibility of settlement negotiations and not their discoverability."); *Meharg v. I-Flow Corp.*, 2009 WL 3032327, at *3 (S.D. Ind. Sept. 18, 2009) ("Rule 408 applies only to admissibility at trial, not to discovery"); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 368 (N.D. Ill. 2001) ("Rule 408 encourages settlement by prohibiting the admission of settlement agreements at trial, not by making the settlement information unavailable.") (citation omitted). Simply put, "Rule 408 'does not require any special restriction on Rule 26 because discovery rules do not affect admissibility.'" *White*, 203 F.R.D. at 368 (citation omitted).

Moreover, a number of federal courts—including the Seventh Circuit have refused to recognize the existence of a settlement privilege barring discovery of settlement related communications under federal common law. *See, e.g.*, *Gen. Motors*, 594 F.2d at 1124 n.20; *Wash.-St. Tammany Elec. Coop., Inc. v. La. Generating, LLC*, 2019 WL 1950394, at *6 (M.D. La. May 1, 2019) ("The Fifth Circuit has not recognized an implied settlement privilege under the federal common law."); *Alfaro v. City of San Diego*, 2018 WL 4562240, at *6 (S.D. Cal. Sept. 21, 2018) ("The Ninth Circuit has not recognized a settlement negotiation privilege that would shield information from discovery . . .") (citing *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1162 (9th Cir. 2007)); *Caruso v. Stobart*, 2017 WL 10309294, at *4 (D. Wyo. Aug. 18, 2017); *accord*

7

*In re Subpoena Issued to CFTC*, 370 F. Supp. 2d 201, 209-11 (D.D.C. 2005) (refusing to create a settlement privilege under federal law and observing that "it is equally plain that Congress chose to promote this goal [of promoting the settlement of disputes by enacting FRE 408] through limits on the *admissibility* of settlement material rather than limits on their *discoverability*). Instead, these courts have held that the discoverability of settlement-related communications and other documents must be assessed under Rule 26, *see generally id.*, and, for the reasons identified above, Miquelon's SEC materials are plainly discoverable under Rule 26.

Even to the extent some courts take into account FRE 408's purpose of encouraging the settlement of disputes in assessing discoverability, such concerns are directed at evidence of *actual* settlement negotiations, "that is, offers, counteroffers, acceptances, drafts of the proposed agreed order," *not* factual information provided to the government, even if compiled as part of an effort to settle a government investigation. *See Clark*, 2006 WL 626820, at *5-6 (rejecting defendants' argument that after he began discussions with the FTC to resolve the FTC's claims, all communications and information provided to the FTC (not just offers/counteroffers) were part of settlement negotiations immune from discovery).[3] Thus, Miquelon is "simply wrong in asserting that Rule 408 makes information relating to settlement negotiations off limits from discovery" and such "evidence is not excluded simply because it is presented in the course of compromise negotiations." *Clark*, 2006 WL 626820, at *3-4.

Here, FRE 408 does not protect Miquelon's SEC materials for numerous reasons. *First*, Miquelon has not demonstrated that any of these documents constitute evidence of "offers or acceptances of valuable consideration" protected from disclosure under the first prong of FRE 408.

---

[3] Moreover, "[e]ven in the cases where evidence about settlement was excluded from trial, it is a fair inference that the information was the subject to discovery. For example, the court in *Davis v. Rowe*, No. 91 C 2254, 1993 WL 34867[,] at *1-2 (N.D. Ill. Feb. 10, 1993), refused to allow into evidence a statement made by defendant to his insurer. However, the plaintiff presumably learned about that document through discovery." *Clark*, 2006 WL 626820, at *2.

8

Nor has he offered any objective evidence that the documents reflect conduct or statements made during "compromise negotiations" as opposed to the normal course of "cooperation with" the SEC investigative proceeding. *See Clark*, 2006 WL 626820, at *2 (rejecting defendants' contention that "any documents that 'relate to settlement negotiations' are outside the scope of discovery"). The fact that Miquelon may have unilaterally stamped the documents "for settlement purposes only under FRE 408" is irrelevant to whether the document actually constitutes an "offer[] or acceptance[]" in "compromise negotiations." *Id*. at *3.

Judge Brown's decision in *Clark* is instructive. There, like here, the defendants attempted to use FRE 408 broadly to withhold data compilations prepared in response to an FTC investigation on the grounds that the information reflected conduct or statements made in compromise negotiations. *Clark*, 2006 WL 626820, at *1-2. The court rejected this claim, finding that "[d]efendants provide[d] no objective basis for distinguishing between business information provided in cooperation with a government investigation and business information provided as part of an effort to settle a government investigation." *Id*. at *5. Thus, the court rejected the defendants' attempt to assert blanket protection over information provided to the government and limited the exclusion only to narrow communications that "actually reflect [the parties'] negotiations," i.e., "**express specific offers of compromise** or expressly respond to an offer of compromise, and drafts of any settlement agreement." *Id*. at *6 (emphasis added). Similarly, here, to the extent the SEC presentations actually contain an "express specific offer" of settlement, response to an offer, or a proposed settlement agreement, that limited information can easily be redacted after an *in camera* inspection by the Court. Miquelon has inexplicably rejected this redaction proposal, making clear that he is not simply seeking to shield actual settlement

9

communications, but rather is trying to exploit FRE 408 to provide blanket immunity for all communications with the SEC.

*Second*, Miquelon's attempt to distinguish his own SEC presentations from a similar SEC presentation by Walgreens on the grounds that the latter presentation was made during the "investigation" phase of the SEC proceeding versus some amorphous "settlement" phase (*see* Ex. E) fails, as he has not demonstrated how any of the withheld documents reflects an actual offer of settlement or compromise as required by *Clark*, 2006 WL 626820, at *6. Indeed, "the motivation for cooperation with a government investigation is to reach a more favorable resolution, essentially a settlement." *Id*. at *5. Accordingly, "[t]he standard for discovery **cannot depend on Defendants' unilateral and subjective decision that on a particular date some line was crossed between cooperation and negotiation**." *Id*. (emphasis added).[4] If Miquelon's position on FRE 408 was the rule, parties could simply express an intent (even verbally) to eventually "negotiate" potential "settlement" terms with the government at the outset of an investigation, knowing that it would automatically shield all future communications from discovery. This does not comport with the letter or spirit of either Rule 26 or FRE 408. *See Clark*, 2006 WL 626820, at *5; *White*, 203 F.R.D. at 368 ("Rule 408 was 'not designed to lock away settlement documents, forever shielding them from view by those not party to the agreement'") (citation omitted); *Pactiv*, 2012 WL 1831517, at *5 ("The Court finds no discovery privilege exists regarding settlement negotiations."). It also raises grave policy concerns about parties' attempts to circumvent the well-settled rule that communications with the government are discoverable, not privileged, and cannot

---

[4] For this reason, Miquelon's assertion that the "presentations and submissions were provided to the SEC after the SEC staff presented Mr. Miquelon *potential* settlement terms and the parties began negotiating" is not sufficient to withhold the documents. Ex. E; *see also Clark*, 2006 WL 626820, at *5. Notably, Walgreens did not attempt to invoke FRE 408 to withhold its own presentations, despite the inclusion of advocacy that could be construed (under Miquelon's erroneous theory) as part of an attempt to "compromise." Ex. C. This was doubtless because Walgreens understood the facial inapplicability of FRE 408 to such fact-based documents.

10

be selectively waived. *See Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003) ("Knowing disclosure to a third party almost invariably surrenders the privilege with respect to the world at large; selective disclosure is not an option."); *Pactiv*, 2012 WL 1831517, at *5 (rejecting attempt to withhold documents under FRE 408 and noting "[l]iberal discovery is the general rule. More and more exceptions to this general rule threaten to swallow it.").

*Third*, even to the extent the factual information synthesized in the SEC presentations could be construed as a statement made in settlement negotiations—which it clearly is not—FRE 408 still does not shield these documents from discovery in *this* action. By its plain terms, FRE 408 limits the admissibility of "statement[s] made during compromise negotiations *about the claim*[.]" FRE 408(a)(2). Accordingly, any settlement offers or related communications contained in Miquelon's presentations to the SEC would only be inadmissible for purposes of proving or disproving liability of the SEC's claims under Section 17(a)(2) of the Securities Act of 1933—not Plaintiff's distinct claims here under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *See CMFG Life Ins. Co. v. Credit Suisse Sec.* (USA) LLC, 2017 WL 4792253, at *2 (W.D. Wisc. Oct. 23, 2017) (observing that "the Seventh Circuit has interpreted 'the claim' language narrowly in applying Rule 408"); *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005) (the balance between the "need for the settlement evidence outweighs the potentially chilling effect on future settlement negotiations[] . . . is especially likely to tip in favor of admitting evidence when the settlement communications at issue arise out of a dispute distinct from the one for which the evidence is being offered"); *Wine & Canvas Dev., LLC v. Muyllie*, 868 F.3d 534, 541 (7th Cir. 2017) ("The Rule's use of the singular term 'claim' suggests that settlement discussions concerning a specific claim are excluded from evidence to prove liability on *that* claim, not on others.").

*Fourth*, Miquelon's SEC materials would be admissible and, hence, discoverable, "for a purpose other than to prove liability for or invalidity of the claim or its amount." *Clark*, 2006 WL 626820, at *2; *see also FDIC v. Crowe Horwath LLP*, 2018 WL 3105987, at *12 (N.D. Ill. June 25, 2018) (finding "at least some of the negotiations and correspondence might be admissible under Rule 408(b) for the purpose of showing witness bias"); *Noble Roman's*, 2017 WL 1163866, at *8 ("at trial, Defendants would be entitled to cross-examine [witnesses] on their potential biases") (citing Fed. R. Evid. 607). Indeed, "[a]lthough the settlement negotiations themselves would not be admissible at trial on the topics proposed by [plaintiff] to 'prove or disprove the validity or amount' of the claim, relevant evidence need not be admissible to be discoverable" and "information within the settlement negotiations will likely allow [plaintiff] to conduct additional relevant discovery on those topics." *ArcelorMittal Ind. Harbor*, 2016 WL 614144, at *6. Consequently, Miquelon's SEC materials are discoverable and would be admissible in this action for other relevant purposes—and would elicit other admissible information regarding, *inter alia*, underlying foundational facts, timing of events, involvement of relevant witnesses and third-parties, and potential witness bias or prejudice. *See Clark*, 2006 WL 626820, at *3-6.

In sum, Miquelon's attempt to shield the SEC materials from discovery under FRE 408 is inappropriate. To the extent Miquelon's SEC documents actually contain an explicit "offer" of settlement, response to an offer of settlement, or a proposed settlement agreement, that limited portion of the documents can easily be redacted after an *in camera* inspection by the Court. *See, e.g.*, *Clark*, 2006 WL 626820, at *5-6.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted.

Dated: October 25, 2019	Respectfully Submitted,

**KESSLER TOPAZ MELTZER
   & CHECK LLP**

/s/ Eli R. Greenstein
Eli R. Greenstein (No. 90785879)
Nicole T. Schwartzberg (*Pro Hac Vice*)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
egreenstein@ktmc.com
nschwartzberg@ktmc.com

*and*

**KESSLER TOPAZ MELTZER
   & CHECK, LLP**
Johnston de F. Whitman (*Pro Hac Vice*)
Michelle M. Newcomer (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
jwhitman@ktmc.com
mnewcomer@ktmc.com

*Lead Counsel for the Class*

**ROBBINS GELLER RUDMAN
   & DOWD LLP**

James E. Barz (No. 6255605)
Frank A. Richter (No. 631001)
ROBBINS GELLER RUDMAN
& DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (312) 674-4674
Facsimile: (312) 674-4676

13

jbarz@rgrdlaw.com
frichter@rgrdlaw.com

*Liaison Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Eli R. Greenstein, declare as follows:

I am a resident of the State of California. I am employed in San Francisco, California. I am over the age of eighteen years, and not a party to the within action. My business address is One Sansome Street, Suite 1850, San Francisco, California 94104. On said date below, I caused to be served the following document(s) to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record:

1. **LEAD PLAINTIFF'S MOTION TO COMPEL DEFENDANT WADE D. MIQUELON TO PRODUCE DOCUMENTS PROVIDED TO THE SECURITIES AND EXCHANGE COMMISSION;**

2. **INDEX OF EXHIBITS WITH EXHIBITS A-B, C (SLIPSHEET) D, E (REDACTED), AND F-H**

Additionally, on said date below, I caused the following documents to be served by email on the persons notated on the attached Service List:

1. **EXHIBITS C (SEALED) and E (UNREDACTED).**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed at San Francisco, California, on October 25, 2019.

/s/ *Eli R. Greenstein*

14

**SERVICE LIST**

| | |
|---|---|
| JAMES W. DUCAYET<br>jducayet@sidley.com<br>JOHN M. SKAKUN, III<br>jskakun@sidley.com<br>KRISTEN R. SEEGER<br>kseeger@sidley.com<br>HEATHER B. SULTANIAN<br>hsultanian@sidley.com<br>CAROLINE A. WONG<br>caroline.wong@sidley.com<br>**SIDLEY AUSTIN LLP**<br>One South Dearborn St.<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br><br>Attorneys for Defendant, Walgreen Co. | CAZ HASHEMI<br>chashemi@wsgr.com<br>EVAN L. SEITE<br>eseite@wsgr.com<br>JESSICA L. SNORGRASS<br>jsnorgrass@wsgr.com<br>STEPHEN B. STRAIN<br>sstrain@wsgr.com<br>**WILSON SONSINI GOODRICH & ROSATI**<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 493-9300<br><br>LAURENCE H. LEVINE<br>laurence.levine@lhlevine.com<br>189 East Lake Shore Drive, 16th Fl.<br>Chicago, IL 60611<br>Telephone: (312) 927-0625<br><br>Attorneys for Defendant, Wade Miquelon |
| THOMAS B. QUINN<br>tquinn@rshc-law.com<br>ELI J. LITOFF<br>elitoff@rshc-law.com<br>**RILEY SAFER HOLMES & CANCILA LLP**<br>Three First National Plaza<br>70 West Madison St., Suite 2900<br>Chicago, IL 60602<br>Telephone: (312) 471-8700<br><br>Attorneys for Defendant, Gregory D. Wasson | |