# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

WASHTENAW COUNTY EMPLOYEES'      )
RETIREMENT SYSTEM, Individually and on  )
Behalf of All Others Similarly Situated,   )   Case No. 15-cv-3187
                                          )
            Plaintiffs,                    )   Judge Sharon Johnson Coleman
                                          )
        v.                                )
                                          )
WALGREEN CO., GREGORY D. WASSON,  )
and WADE MIQUELON,                 )
                                          )
            Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Lead plaintiff Industriens Pensionforsikring, A/S ('plaintiff') brought this shareholder class action lawsuit against defendants Walgreen Co. ("Walgreens"), former Walgreens Chief Executive Officer Gregory D. Wasson, and former Walgreens Chief Financial Officer Wade Miquelon for violations of the Securities Exchange Act of 1934. On November 2, 2021, the Court granted in part and denied in part the parties' summary judgment motions brought pursuant to Federal Rule of Civil Procedure 56(a). The Court presumes familiarity with that ruling. Before the Court is Walgreens' partial motion for reconsideration, which the Court grants in its discretion.

**Background**

At issue in this lawsuit are Walgreens' statements concerning the influence of generic drug price inflation and reimbursement expenses on Walgreens' long-range financial goals for fiscal year 2016 ("FY16") in the context of Walgreens merger with Boots Alliance GmbH ("Alliance"). Plaintiff specifically asserts that during the time period from March 25, 2014 until August 5, 2014, Walgreens made certain public statements in violation of the Securities Exchange Act and Rule 10b-5(b).

The focus of the present motion for reconsideration are Walgreens' former CFO Wade

Miquelon's May 2014 forward-looking statements. Specifically, on May 14-15, 2014, Miquelon made statements during investor meetings hosted by Goldman Sachs. On May 23, 2014, Goldman Sachs issued an analyst report regarding the May 2014 meetings:

> During our meetings, Wade Miquelon, CFO, highlighted that WAG [Walgreens] is tracking on or ahead of plan for each of its five FY16 financial targets with the lone exception of adj. EBIT. That said, management believes this target remains achievable and sees further upside beyond FY16 by leveraging a global footprint, expanding in growth markets, and bringing [Alliance's] best practices to the U.S[.]

**Legal Standard**

Because the November 2021 ruling did not dispose of this case in its entirety, the Court reviews Walgreens' motion to reconsider under Federal Rule of Civil Procedure 54(b). *Terry v. Spencer,* 888 F.3d 890, 893 (7th Cir. 2018). Motions for reconsideration serve the limited function of correcting manifest errors of law or fact or to discuss newly discovered evidence, and the Court has considerable discretion in determining reconsideration motions. *Barrington Music Prods., Inc. v. Music & Arts Ctr.,* 924 F.3d 966, 968 (7th Cir. 2019).

**Discussion**

At summary judgment, Walgreens argued that its forward-looking statements were not actionable due to the Private Securities Litigation Reform Act's ("PSLRA") safe harbor provision. As the Court discussed in its November 2021 ruling, "securities laws encourage companies to make public predictions of future performance to assist investors in estimating a firm's future value." *City of Taylor Police & Fire Ret. Sys. v. Zebra Tech. Corp.,* 8 F.4th 592, 595 (7th Cir. 2021) (citation omitted). "For that reason, the Private Securities Litigation Reform Act exempts certain forward-looking statements from liability." *Id.*

The first independent prong of the PSLRA's safe harbor provision protects forward-looking statements that are "accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement."

*Asher v. Baxter Int'l Inc.*, 377 F.3d 727, 729 (7th Cir. 2004) (quoting 15 U.S.C. § 78u–5(c)(1)(A)). The second independent prong of the PSLRA's safe harbor provision is that a forward-looking statement is protected if the statement is made without actual knowledge that it was false or misleading. *See City of Livonia Employees' Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 756 (7th Cir. 2013); 15 U.S.C. § 78u–5(c)(1)(B).

In the November 2021 ruling, the Court conflated the two safe harbor prongs concluding that there was a triable issue of fact whether Walgreens or Miquelon knew it could not attain the FY16 target for adjusted earnings before interest and taxes ("EBIT") goal at the time the statements were made in mid-May 2014. It its motion for reconsideration, Walgreens maintains that the Court erred by conflating the two safe harbor prongs and should have applied the first prong where Miquelon's actual knowledge is irrelevant. *See Plumbers & Pipefitters Local Union Pension Fund v. Allscripts-Misys Healthcare Sol., Inc.*, 778 F.Supp.2d 858, 877 (N.D. Ill. 2011) (Castillo, J.); *Desai v. General Growth Prop., Inc.*, 654 F.Supp.2d 836, 844 (N.D. Ill. 2009) (Shadur, J.). The Court agrees.

The challenged forward-looking statement is that Miquelon believed the FY16 EBIT goal remained achievable in May 2014. Examining this statement under the safe harbor cautionary language prong, the Court can consider statements made in SEC filings to determine whether the statements were accompanied by meaningful cautionary language. *Asher*, 377 F.3d at 731-32; *Desai*, 654 F.Supp.2d at 844. The Court thus turns to the cautionary language in Walgreens' 10-K annual statement from 2013 and its 2014 10-Qs, including the March 27, 2014 second quarter 10-Q, in regard to the FY16 EBIT goal. The identified risk factors in these SEC filings include: (1) reductions in third-party reimbursement levels; (2) the continued efforts by-third party payers to reduce prescription drug costs and pharmacy reimbursement rates; (3) that the anticipated strategic and financial benefits of the Alliance merger may not be realized; and (4) changes in pharmaceutical manufacturers' pricing. In short, the public statements in the relevant SEC filings explain that the

principal risks concerning drug pricing changes and reimbursement pressures. These cautionary statements place Miquelon's May 14-15 forward-looking remarks within the PSLRA's safe harbor provision. *See Asher,* 377 F.3d at 734 ("the statute calls for issuers to reveal the 'important factors,'" not "to reveal in detail what could go wrong."). The Court therefore grants Walgreens' motion for reconsideration. Miquelon's May 2014 forward-looking statements are not actionable.

**Conclusion**

For the foregoing reasons, the Court, in its discretion, grants Walgreens' motion for reconsideration [484].

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 3/2/2022