# EXHIBIT 1

**EXECUTION COPY**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:15-cv-3187 |
| Plaintiff, | Honorable Sharon Johnson Coleman |
| v. | |
| WALGREEN CO. et al., | |
| Defendants. | |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement dated as of June 23, 2022 ("Stipulation") is entered into between (a) Industriens Pensionsforsikring A/S ("Lead Plaintiff" or "Class Representative"), on behalf of itself and the Court-certified Class (as defined below); and (b) Walgreen Co. ("Walgreens"), Gregory D. Wasson, and Wade D. Miquelon (collectively, "Defendants" and, together with Class Representative, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned securities class action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all of the claims asserted therein.

---

[1]     Capitalized terms not defined when used have the meanings ascribed in ¶ 1 below.

**EXECUTION COPY**

WHEREAS:

A.      On April 10, 2015, the initial complaint in the Action was filed in this Court against Defendants, asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, promulgated thereunder, 17 C.F.R. § 240.10b-5. Doc. 1.

B.      By Order dated June 16, 2015, the Court appointed Industriens Pensionsforsikring A/S as Lead Plaintiff and approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel and Robbins Geller Rudman & Dowd LLP as Liaison Counsel for the class pursuant to the PSLRA. Doc. 41.

C.      On August 17, 2015, Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint"). Doc. 47. Defendants moved to dismiss the Consolidated Complaint on October 16, 2015. Docs. 55, 57. Defendants' motions to dismiss were fully briefed, and by Memorandum Opinion and Order dated September 30, 2016, the Court granted in part and denied in part Defendants' motions. Doc. 71. On November 4, 2016, Defendants filed their answers to the Consolidated Complaint. Doc. 75. Defendants filed amended answers on January 16, 2017. Docs. 86-87.

D.      Following the Court's ruling on Defendants' motions to dismiss, discovery commenced. Pursuant to the Order dated February 22, 2017, the Court bifurcated class certification and merits discovery, deferring all merits discovery pending class certification proceedings. Doc. 96.

E.      On April 21, 2017, Lead Plaintiff filed its motion for class certification, which Defendants opposed. Docs. 114, 124. The motion was fully briefed, and by Memorandum Opinion and Order dated March 29, 2018, the Court granted Lead Plaintiff's motion, certifying the Class,

appointing Lead Plaintiff Industriens Pensionsforsikring A/S as Class Representative, and appointing Kessler Topaz Meltzer & Check, LLP as Class Counsel. Doc. 133.

      F.      Thereafter, the Parties engaged in merits discovery.

      G.      On December 21, 2018, Class Representative filed the First Amended Consolidated Complaint for Violations of the Federal Securities Laws ("Amended Consolidated Complaint"), which included both new allegations of false and misleading statements during the Class Period as well as amended allegations regarding certain statements concerning Walgreens' FY16 EBIT Goal that had been previously dismissed. Doc. 199. Defendants moved to dismiss the Amended Consolidated Complaint on February 19, 2019. Doc. 222. Defendants' motion to dismiss was fully briefed.

      H.      By Memorandum Opinion and Order dated September 23, 2019, the Court granted in part and denied in part Defendants' motion. Doc. 244. Defendants filed their answers to the Amended Consolidated Complaint on October 28, 2019. Docs. 267, 269.

      I.      On December 5, 2019, Class Representative filed a joint stipulated motion to approve the form and manner of notice regarding the pendency of the Action as a class action to the Class ("Notice of Pendency" or "Class Notice"). Doc. 301. The Court granted the motion on December 18, 2019. Doc. 303. The Class Notice was mailed to potential Class Members beginning on January 21, 2020, and a summary notice was published in the national edition of *Investor's Business Daily* and transmitted over *PR Newswire* on January 27, 2020. Doc. 348.

      J.      The Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the procedures for doing so. The Class Notice stated that it would be for the Court to decide whether to permit a second opportunity to request exclusion in the event of a settlement. The Class Notice also informed Class Members that

if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable."

K.     The deadline for submitting requests for exclusion was initially April 20, 2020, but was subsequently extended to July 6, 2020 pursuant to General Orders issued in the District in response to the COVID-19 public emergency. A total of seventy-five (75) timely requests for exclusion from the Class were received. Doc. 348; *see also* Appendix 1 hereto.

L.     On March 5, 2021, Defendants filed their motion for summary judgment. Doc. 394. Also on March 5, 2021, Class Representative filed a motion for partial summary judgment. Doc. 406. Both motions were fully briefed.

M.     By Memorandum Opinion and Order dated November 2, 2021, the Court granted in part and denied in part Defendants' summary judgment motion and denied Class Representative's motion for partial summary judgment in its entirety. Doc. 483.

N.     Following the Court's ruling on the Parties' summary judgment motions, the Parties participated in a mediation session on November 17, 2021, with the assistance of the Honorable Layn R. Phillips of Phillips ADR ("Judge Phillips" or "Mediator"). While the Parties made progress toward resolution, they were unable to settle the Action at the mediation session.

O.     On November 18, 2021, Defendants filed a motion for partial reconsideration of the Court's ruling on summary judgment, or alternatively for an order certifying an interlocutory appeal. Doc. 484. Defendants' motion was fully briefed, and by Memorandum Opinion and Order dated March 2, 2022, the Court granted Defendants' motion. Doc. 490.

P.     With the assistance of Judge Phillips, the Parties continued settlement negotiations while also preparing to file motions to exclude or limit expert testimony in anticipation of trial.

Following hard-fought, arm's-length negotiations, on May 19, 2022, the Parties accepted Judge Phillips's recommendation to resolve the Action for $105 million in cash.

Q.     The Parties memorialized their agreement in principle to resolve the Action in a term sheet executed on May 25, 2022 ("Term Sheet"). The Term Sheet sets forth, among other things, Class Representative's agreement to settle and release all claims against Defendants in return for a cash payment of $105 million for the benefit of the Class, subject to certain terms and conditions to be included in a final settlement agreement. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

R.     Based upon their investigation, prosecution, and mediation of the case, Class Representative and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Class Representative and the other members of the Class, and in their best interests. Based on Class Representative's direct oversight of the Action and with the advice of its counsel, Class Representative has agreed to settle and release the Released Class Representative's Claims (as defined below) pursuant to the terms and provisions of this Stipulation, after considering, among other things: (i) the substantial financial benefit that Class Representative and the other members of the Class will receive under the proposed Settlement; and (ii) the significant risks, costs, and delay of continued litigation and trial.

S.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each Defendant has denied and continues to deny any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or allegation of

any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Class Representative has asserted any valid claims whatsoever, including but not limited to Class Representative's claims that the price of Walgreens common stock was artificially inflated during the Class Period as the result of any alleged misrepresentations, omissions, or non-disclosures by Defendants; that any Walgreens investors were harmed by the conduct alleged in the initial complaint, Consolidated Complaint, or Amended Consolidated Complaint; that Class Representative or the Class have suffered damages; and any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Representative of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Class Representative (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Class Representative's Claims as against Defendants' Releasees and all Released Defendants' Claims as against Class Representative's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## <u>DEFINITIONS</u>

1.      As used in this Stipulation and in any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a. "Action" means the securities class action styled *Washtenaw County Employees' Retirement System v. Walgreen Co. et al.*, Civil Action No. 1:15-cv-3187 (N.D. Ill.).

b. "Alternate Judgment" means a form of final judgment that may be entered by the Court in the Action in a form that differs from the form of Judgment provided for in this Stipulation.

c. "Amended Consolidated Complaint" means the First Amended Consolidated Complaint for Violations of the Federal Securities Laws filed in the Action on December 21, 2018.

d. "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

e. "Claim" means either a paper claim or an electronic claim that is submitted on a Proof of Claim Form to the Claims Administrator.

f. "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

g. "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

h. "Claims Administrator" means A.B. Data, Ltd., the administrator retained by Class Counsel and approved by the Court in connection with the Class Notice and the administrator that Class Representative proposes be retained, subject to Court approval, to provide all notices of the Settlement approved by the Court to potential Class Members and to administer the Settlement.

**EXECUTION COPY**

i.     "Class" means, as certified by the Court pursuant to its Memorandum Opinion and Order dated March 29, 2018, and as adjusted by operation of the Court's Memorandum Opinion and Order dated November 2, 2021 regarding summary judgment, all persons and entities who purchased or otherwise acquired Walgreens common stock between April 17, 2014 and August 5, 2014, inclusive, and were damaged thereby. Excluded from the Class by definition are: (i) any Defendant in this Action; (ii) the officers and directors of Walgreens; (iii) members of the immediate families of the individual Defendants in this Action; (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representative, heirs, successors, or assigns of any such excluded party. Also excluded from the Class are the persons and entities that submitted a request for exclusion in connection with the Class Notice, as set forth on Appendix 1 hereto. If and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, then also excluded from the Class shall be any persons and entities who timely exclude themselves by submitting a request for exclusion in connection with the settlement proceedings and whose requests for exclusion are accepted by the Court.

j.     "Class Counsel" or "Lead Counsel" means Kessler Topaz Meltzer & Check, LLP.

k.     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

l.     "Class Member" means each person and entity who or which is a member of the Class.

m.     "Class Period" means the period between April 17, 2014 and August 5, 2014, inclusive.

**EXECUTION COPY**

        n.      "Class Representative" or "Lead Plaintiff" means Industriens Pensionsforsikring A/S.

        o.      "Class Representative's Releasees" means (i) Class Representative, its attorneys, and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

        p.      "Court" means the United States District Court for the Northern District of Illinois.

        q.      "Defendants" means Walgreen Co., Gregory D. Wasson, and Wade D. Miquelon.

        r.      "Defendants' Counsel" means Sidley Austin LLP, Riley Safer Holmes & Cancila LLP, Wilson Sonsini Goodrich & Rosati, and Laurence H. Levine Law Offices.

        s.      "Defendants' Releasees" means (i) Defendants and Defendants' Counsel; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, partners, members, shareholders, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, employees, directors, partners, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons and entities listed in (i) and (ii), in their capacities as such.

t. "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

u. "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

v. "Escrow Agent" means The Huntington National Bank.

w. "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

x. "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

y. "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law, and any persons (other than a tenant or employee) sharing the household.

z. "Individual Defendants" means Gregory D. Wasson and Wade D. Miquelon.

aa. "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, or any Alternate Judgment, to be entered by the Court approving the Settlement.

bb. "Liaison Counsel" means Robbins Geller Rudman & Dowd LLP.

cc. "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Class Representative directly related to its representation of the Class), for which Class Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

dd. "Mediator" means the Honorable Layn R. Phillips (Ret.) of Phillips ADR.

ee. "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Settlement Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court pertaining to Class Representative's prosecution of the Action.

ff. "Parties" means Defendants and Class Representative, on behalf of itself and the Class.

gg. "Plaintiff's Counsel" means Class Counsel and Liaison Counsel.

**EXECUTION COPY**

hh. "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice. Any plan of allocation is not part of this Stipulation, and Defendants shall have no responsibility therefore or liability with respect thereto.

ii. "Postcard Notice" means the postcard notice, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Class Members advising them of the Settlement.

jj. "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

kk. "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

ll. "Released Claims" means all Released Defendants' Claims and all Released Class Representative's Claims.

mm. "Released Class Representative's Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Class Representative or any other member of the Class (a) asserted in the Action or (b) could have asserted in any court or forum that arise out of or are based upon the same allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the complaints filed in the Action and that relate to the purchase or other acquisition of Walgreens common stock during the period from March 25, 2014 through August 5, 2014, inclusive. Released Class Representative's Claims do not

include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in *Cutler v. Wasson et al.*, No. 14-cv-10408 (N.D. Ill.); (iii) any claims of the persons and entities who timely requested exclusion from the Class pursuant to the Notice of Pendency; or (iv) solely in the event that the Court permits a second opportunity to request exclusion from the Class in connection with the settlement proceedings, any claims of persons or entities who timely request exclusion from the Class pursuant to the Settlement Notice and whose requests for exclusion are accepted by the Court.

nn.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the Released Class Representative's Claims against Defendants and the other Defendants' Releasees. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

oo.     "Releasee(s)" means each and any of Defendants' Releasees and each and any of Class Representative's Releasees.

pp.     "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

qq.     "Settlement" means the settlement between Class Representative, on behalf of itself and all other Class Members, and Defendants on the terms and conditions set forth in this Stipulation.

rr.     "Settlement Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with:

(i) providing notices of the Settlement to the Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

ss.     "Settlement Amount" means One Hundred and Five Million U.S. Dollars ($105,000,000) in cash.

tt.     "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

uu.     "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

vv.     "Settlement Notice" means the Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached here as Exhibit 2 to Exhibit A, to be posted on the Settlement Website and mailed and/or emailed to Class Members upon request.

ww.     "Settlement Website" means the website created in connection with the Class Notice, www.WalgreensSecuritiesLitigation.com, on which the Settlement Notice and Claim Form, as well as other information related to the Settlement, will be posted.

xx.     "Summary Settlement Notice" means the Summary Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

yy.     "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and

paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

zz. "Unknown Claims" means any Released Class Representative's Claims which Class Representative or any other Class Member does not know or suspect to exist in their favor at the time of the release of any and all Released Claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in their favor at the time of the release of any and all Released Claims, which, if known by any of them, might have materially affected their decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representative and Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Class Representative shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon

any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such additional or different facts. Class Representative and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

aaa.    "Walgreens" means Walgreen Co.

## **PRELIMINARY APPROVAL OF SETTLEMENT**

2.      Within five (5) business days following the execution of this Stipulation, Class Representative will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Class Representative shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

3.      Also in connection with the motion for preliminary approval of the Settlement, the Parties agree to request that the Court not permit a second opportunity for Class Members to request exclusion from the Class. However, the Settlement is not contingent on the Court's decision regarding whether a second opportunity to request exclusion shall be permitted. If, contrary to the Parties' agreement, the Court requires a second opt-out period, the Parties have accounted for this possibility in this Stipulation and have negotiated a customary "blow" provision in the conditional Supplemental Agreement described in ¶ 36 herein.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Representative's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Class Representative's Claims against any of Defendants or the other Defendants' Releasees in any forum of any kind, whether or not such Class Member executes and delivers a Proof of Claim Form. This Release was separately bargained for and is an essential element of this Stipulation and the Settlement.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the other Class Representative's Releasees, and shall forever be barred and enjoined from prosecuting

any or all of the Released Defendants' Claims against Class Representative or any of Class Representative's Releasees in any forum of any kind. This Release was separately bargained for and is an essential element of this Stipulation and the Settlement. This Release shall not apply to any person or entity who previously submitted a timely request for exclusion from the Class in connection with the Class Notice as set forth on Appendix 1 hereto or, solely in the event that the Court permits a second opportunity to request exclusion from the Class in connection with the settlement proceedings, to any person or entity who submits a timely and otherwise valid request for exclusion from the Class in connection with the Settlement Notice.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the full settlement of the Released Class Representative's Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within ten (10) business days following the later of: (1) the Court's entry of an order preliminarily approving the Settlement, or (2) Defendants having received customary written instructions to pay the Settlement Amount by check or wire into the Escrow Account and an IRS Form W-9 for the Settlement Fund. Other than the costs of providing notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) ("CAFA") (*see* ¶ 20 below), Defendants shall have no obligation to make any payment besides payment of the Settlement Amount in connection with the Settlement.

<u>**USE OF SETTLEMENT FUND**</u>

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Settlement Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 24-28 below.

10.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Class Counsel, the Escrow Account shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.      The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury

Regulation § 1.468B-2(k)) for the Settlement Fund. Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e). Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Class Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Class Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, other Defendants' Releasee, or other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the

percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, up to $500,000 in Settlement Notice and Administration Costs actually incurred and paid or payable in connection with the Settlement ("Settlement Notice and Administration Costs Cap"). Following the Effective Date, Class Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Settlement Notice and Administration Costs exceeding the Settlement Notice and Administration Costs Cap. Settlement Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice and Settlement Notice, developing and maintaining the Settlement Website and posting the Settlement Notice and Claim Form, publishing the Summary Settlement Notice, reimbursements to nominee owners for forwarding notices to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Settlement Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Class Counsel, on behalf of Plaintiff's Counsel, will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund. Class Counsel also will

apply to the Court for reimbursement or payment of Plaintiff's Counsel's Litigation Expenses, which may include a request for reimbursement of Class Representative's costs and expenses directly related to its representation of the Class, to be paid solely from (and out of) the Settlement Fund. Class Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Class Representative other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Class Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of any such reduction of the award of attorneys' fees and/or Litigation Expenses by a non-appealable order, or notice of the termination of the Settlement. Any disapproval or modification of an application for an award of attorneys' fees and/or Litigation Expenses by the Court shall not affect the enforceability of this Stipulation, provide any of the Parties with the right to cancel or terminate the Settlement, or impose an obligation on Defendants to increase the compensation paid in connection with the Settlement. Any order of the Court regarding attorneys' fees and Litigation Expenses will not operate to terminate the Settlement or

affect the finality or binding nature of the Settlement. Moreover, any appeal relating to attorneys' fees or Litigation Expenses will not affect the finality of the Settlement, the Judgment, or the Releases provided herein.

17.     Class Counsel shall allocate the attorneys' fees or Litigation Expenses between Plaintiff's Counsel in a manner which, it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Class Counsel shall be payable solely from the Settlement Fund.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Class Representative shall seek reappointment of A.B. Data, Ltd. ("A.B. Data") as the Claims Administrator. A.B. Data was previously approved by the Court as the administrator in connection with the Class Notice. The Claims Administrator shall administer the Settlement, including but not limited to receiving, reviewing, and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Representative, any other Class Members, or Class Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.      In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail, and/or email, the Postcard Notice to those members of the Class as may be identified through reasonable effort, including those previously identified in connection with the Class Notice. Class Counsel shall also cause the Claims Administrator to post the Settlement Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20.      No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under CAFA. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

21.      The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the Court approves).

22.      The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Class Representative and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this

Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Any order of the Court modifying or rejecting the Plan of Allocation will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any and all Defendants' Releasees with respect to any and all of the Released Class Representative's Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, nor any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a. Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

b. All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices and Claim Form. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any and all Defendants' Releasees with respect to any and all of the Released Class Representative's Claims. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c. Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if

any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

        d.     Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

        e.     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

        26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.     After the Effective Date and an appropriate period of time for the Claims Administrator to process Claims, Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any and all Defendants' Releasees with respect to any and all of the Released Class Representative's Claims.

29.     No person or entity shall have any claim against Class Representative, Plaintiff's Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or Defendants, Defendants' Counsel, or any other Defendants' Releasees, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Class Representative, Plaintiff's Counsel, and Class Representative's damages expert, and Defendants, Defendants' Counsel, and all other Defendants' Releasees, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or

payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of any Judgment or Alternate Judgment. All Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## <u>TERMS OF THE JUDGMENT</u>

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## <u>CONDITIONS OF SETTLEMENT AND EFFECT OF</u><br>## <u>DISAPPROVAL, CANCELLATION OR TERMINATION</u>

32.     The Effective Date of the Settlement shall be deemed to occur on the completion or waiver of all of the following events:

a.      the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto;

b.      the Settlement Amount has been deposited into the Escrow Account;

c.      Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

      d.    Class Representative has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

      e.    the Court has approved the Settlement as described herein, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.    Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Class Representative exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

      a.    The Settlement and the relevant portions of this Stipulation that do not survive termination shall be canceled and terminated;

      b.    Class Representative and Defendants shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on May 25, 2022;

      c.    The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38, and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

**EXECUTION COPY**

d.      Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Class Counsel consistent with ¶ 16 above), less any Settlement Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing, shall be refunded by the Escrow Agent to Walgreens (or such other persons or entities as Walgreens may direct). In the event that the funds received by Class Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Walgreens (or such other persons or entities as Walgreens may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.      It is further stipulated and agreed that Walgreens and Class Representative shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the Supreme Court of the United States; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the Supreme Court of the United States, and the provisions of ¶ 34 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or

with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, and only in the event that the Court provides a second opportunity for Class Members to request exclusion from the Class in connection with the settlement proceedings, Walgreens, on behalf of all Defendants, shall have the right to terminate the Settlement and render the Stipulation null and void in the event that timely requests for exclusion from the Class meet the conditions set forth in the Parties' confidential conditional supplemental agreement ("Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Settlement Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Class Representative and Walgreens concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment. In the event that the Court does not provide for a second opportunity for Class Members to exclude themselves from the Class in connection with the settlement proceedings, neither Walgreens nor any other Defendant will have the right to terminate the Settlement pursuant to this paragraph.

37.     Class Representative shall also have the option to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel.

**EXECUTION COPY**

<u>**NO ADMISSION OF WRONGDOING**</u>

38.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.     shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.     shall be offered against any of Class Representative's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Class Representative's Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way

referred to for any other reason as against any of Class Representative's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

       c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    Walgreens warrants that at the time of entering into this Stipulation and at the time of such payment it was not insolvent, nor will the payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by Walgreens and not by its counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf Walgreens to be a preference, voidable transfer, fraudulent transfer or similar transaction and any

portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Class Representative, Class Representative and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Settlement Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34(d) above.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Representative and any other Class Members against Defendants' Releasees with respect to the Released Class Representative's Claims. Class Representative and Defendants agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Phillips, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     Class Representative and Plaintiff's Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by either Party

concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. For the avoidance of doubt, Defendants and their counsel retain the right to deny that the claims asserted in the Action were meritorious.

44. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Class Representative and Defendants (or their successors-in-interest).

45. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Class Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

47. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48. This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Class Representative and Defendants concerning the Settlement. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed and exchanged in one or more counterparts, including electronically. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the internal laws of Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

53.     This Stipulation shall be interpreted in a neutral manner and shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in

**EXECUTION COPY**

this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon (i) email transmission, or (ii) delivery by a third-party delivery service, with confirmation of delivery. Notice shall be provided as follows:

If to Class Representative or Class Counsel:

Kessler Topaz Meltzer & Check, LLP
Attn: Andrew L. Zivitz
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
Email: azivitz@ktmc.com

**EXECUTION COPY**

If to Defendants:

Sidley Austin LLP
Attn: John M. Skakun III
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
jskakun@sidley.com

Riley Safer Holmes & Cancila LLP
Attn: Thomas B. Quinn
Three First National Plaza
70 W. Madison, Suite 2900
Chicago, IL 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
tquinn@rshc-law.com

Wilson Sonsini Goodrich & Rosati
Attn: Caz Hashemi
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
chashemi@wsgr.com

57.     Except as otherwise provided herein, each Party shall bear its own costs.

58.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

59.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class

Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 23, 2022.

                    KESSLER TOPAZ
                       MELTZER & CHECK, LLP


                    By: _____
                    Andrew L. Zivitz (*Pro Hac Vice*)
                    Johnston de F. Whitman (*Pro Hac Vice*)
                    David A. Bocian (*Pro Hac Vice*)
                    Michelle M. Newcomer (*Pro Hac Vice*)
                    280 King of Prussia Road
                    Radnor, PA 19087
                    Telephone: (610) 667-7706
                    Facsimile: (610) 667-7056
                    azivitz@ktmc.com
                    jwhitman@ktmc.com
                    dbocian@ktmc.com
                    mnewcomer@ktmc.com

                    *Class Counsel for the Class*

                    ROBBINS GELLER RUDMAN
                       & DOWD LLP
                    James E. Barz (No. 6255605)
                    Frank A. Richter (No. 631001)
                    200 South Wacker Drive, 31st Floor
                    Chicago, IL 60606
                    Telephone: (312) 674-4674
                    Facsimile: (312) 674-4676
                    jbarz@rgrdlaw.com
                    frichter@rgrdlaw.com

                    *Liaison Counsel for the Class*



                    SIDLEY AUSTIN LLP

**EXECUTION COPY**

By: *John M. Skakun* ✗✗✗
James W. Ducayet (No. 6236997)
Kristen R. Seeger (No. 6278416)
John M. Skakun III (No. 6297636)
Lawrence P. Fogel (No. 6305939)
Heather Benzmiller Sultanian (No. 6312340)
Caroline A. Wong (No. 6324863)
Kelsey Annu-Essuman (No. 6332412)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
jducayet@sidley.com
kseeger@sidley.com
jskakun@sidley.com
lawrence.fogel@sidley.com
hsultanian@sidley.com
caroline.wong@sidley.com
kannuessuman@sidley.com

*Attorneys for Defendant Walgreen Co.*

**RILEY SAFER HOLMES &
   CANCILA LLP**

By: _____
Thomas B. Quinn (No. 3123575)
Amy C. Andrews (No. 6226692)
Eli J. Litoff (No. 6317940)
Three First National Plaza
70 W. Madison, Suite 2900
Chicago, IL 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
tquinn@rshc-law.com
aandrews@rshc-law.com
elitoff@rshc-law.com

*Attorneys for Defendant Gregory D. Wasson*

DocuSign Envelope ID: 74C46930-F015-4704-8A33-531322C15064

**EXECUTION COPY**

**WILSON SONSINI GOODRICH
& ROSATI**



By: _____

Caz Hashemi (No. 6243082)
Jessica L. Snorgrass (*Pro Hac Vice*)
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
chashemi@wsgr.com
jsnorgrass@wsgr.com

**LAURENCE H. LEVINE LAW OFFICES**
Laurence H. Levine (No. 1638459)
189 East Lake Shore Drive
16th Floor
Chicago, IL 60611
Telephone: (312) 927-0625
Facsimile: (312) 927-0625
laurence.levine@lhlevine.com

*Attorneys for Defendant Wade D. Miquelon*

# APPENDIX 1

*Walgreens Securities Litigation*
**Exclusion Report**

| Name | City, State, Zip |
|------|------------------|
| 1. Donald E. Struck<br>Joan C. Struck | Springfield, IL 62711-6030 |
| 2. Mary P. Carr | Lincolnwood, IL 60712 |
| 3. Melvin W. Harvey<br>Karen L. Harvey | Nenana, AK 99760 |
| 4. Robert R. Bakanowicz | Kimberling City, MO 65686 |
| 5. Charles H. Williamson<br>Joyce H. Williamson | Woodstock, GA 30188 |
| 6. John Eric Nelson | Oswego, IL 60543 |
| 7. Virginia Ann Benson | Springfield, TN 37172 |
| 8. Donna Rehman<br>Donald Rehman<br>Melanie Rehman | Winfield, IL 60190 |
| 9. Larry K. Gray | Tucson, AZ 85742 |
| 10. Jean Hack | Valparaiso, IN 46383 |
| 11. Emilio A. Vazquez<br>Emilio A. Vazquez, Jr. JT<br>Tenants | Miami, FL 33222-8177 |
| 12. David C. Morehouse<br>Alice M. Morehouse<br>Trustees of the Morehouse<br>Trust dated April 3, 2001 | Madison, WI 53719 |
| 13. Sonya C. Gans | Monticello, IL 61856 |
| 14. Donald F. Anderson,<br>Trustee Anderson Family TR<br>UA 10/13/95 | Las Vegas, NV 89134 |
| 15. Nellie Irene Healy | Millington, TN 38053 |
| 16. James L. Dority | Santa Ana, CA 92705-7512 |
| 17. Thomas P. Kendellen | Greenfield, WI 53201 |
| 18. Marilyn Novello | Chicago, IL 60630 |
| 19. Christopher James Giles | Cumbria LA22 9AU UK |
| 20. Christine Styles | Napier 4110 New Zealand |
| 21. Karlene M. Guerette | East Hampton, CT 06424 |
| 22. William P. Gammie | Buckley, WA 98321 |
| 23. James P. Haen | Schofield, WI 54476 |

| | |
|---|---|
| 24. Sandra S. Boyd | Shadyside, OH 43947 |
| 25. Kent R. Wagner | Cincinnati, OH 45231 |
| 26. Cherri Watkins | Chillicothe, IL 61523 |
| 27. Emily VanDerPuy | Grand Haven, MI 49417 |
| 28. Jerry William Galligar | Oswego, IL 60543 |
| 29. Harold L. Hinkley | Mount Dora, FL 32757-9112 |
| 30. Wade Stynoski | Morton Grove, IL 60053-2074 |
| 31. Aloysius J. Kempf<br>Kathleen M. Kempf | Anoka, MN 55303-6120 |
| 32. John Adam Colquitt | Longview, TX 75604-3600 |
| 33. Bryan L. Wagoner<br>Brandon M. Wagoner | Gillespie, IL 62033 |
| 34. Bryan L. Wagoner<br>Zachary R. Wagoner | Gillespie, IL 62033 |
| 35. Georgia B. Petrie | Scotts Valley, CA 95066-4615 |
| 36. Karl M. Grisso<br>Dorothy L. Grisso | Charleston, IL 61920-4230 |
| 37. Joseph Calabrese III | Belleville, NJ 07109 |
| 38. Joseph Calabrese Jr. | Belleville, NJ 07109 |
| 39. Barbara E. Linn | Great Falls, MT 59405 |
| 40. Marilyn A. Spores | West Des Moines, IA 50266 |
| 41. Leonard V. Wojtowicz<br>Carol Wojtowicz, JT | Naperville, IL 60563 |
| 42. William Chalmers<br>Gertrude Louise Chalmers | Meridian, ID 83646-3459 |
| 43. Alice Davidson | Huntley, IL 60142 |
| 44. James R. Walker | Waco, TX 76705 |
| 45. The Bakers's Dozen<br>Investment Club<br>Carol J. Raap, President | Andover, SD 57422 |
| 46. Terry Pickel | Labadie, MO 63055 |
| 47. Jungsoo Park | Colorado Springs, CO 80906 |
| 48. Sally Harrington Holmes | Lawton, OK 73505-9668 |
| 49. Audrey Christiansen | Manitowoc, WI 54220 |

| | | |
|---|---|---|
| 50. | Karen G. Giambalvo | Mount Prospect, IL 60056 |
| 51. | Gloria J. Yurko<br>Donald E. Yurko | Streator, IL 61364 |
| 52. | Thomas A. Carlson | Missoula, MT 59802 |
| 53. | Estate of Charles A. Bean | Cozad, NE 69130-4108 |
| 54. | Terry Polansky | Forsyth, MO 65653 |
| 55. | James Robley Vidrine | Ville Platte, LA 70586 |
| 56. | Judy Truckenbrod | West Brooklyn, IL 61378-9526 |
| 57. | James J. Parisi | Park Ridge, IL 60068 |
| 58. | Charles R. Maier, TTEE<br>Charles R. Maier Living Trust | Wayne, NE 68787 |
| 59. | Betty H. Johnson | Thomson, MA 30824 |
| 60. | Robert F. Parker, Jr. | Sulphur Springs, TX 75482 |
| 61. | Vernon C. Ellis Jr. TTEE<br>U/A DTD 01/29/02<br>The Vernon C. Ellis Jr. Trust | Torrington, WY 82240 |
| 62. | Gerald F. Allenberg<br>Judith L. Allenberg<br>Gerald & Judith Allenberg TR | St. Charles, MO 63301-4494 |
| 63. | Donald J. Blake | Johnsburg, IL 60051 |
| 64. | Paula Charlene Cherry<br>Honeycutt | Pineville, AR 72566 |
| 65. | Joseph P. Clavet | Ridgecrest, CA 93555 |
| 66. | Cheryl Ann Mouton | Oakland, CA 94605 |
| 67. | Diana L. Smith | Springfield, IL 62702-4608 |
| 68. | Ronald G. Kimbrough<br>Mary Ann Kimbrough | St. Louis, MO 63128-2739 |
| 69. | Nicholas Matthew Kennedy | Albuquerque, NM 87109 |
| 70. | Nicholas Lemon Kennedy III<br>Jean Ann Kennedy | Albuquerque, NM 87109 |
| 71. | Frank J. Sitterle<br>c/o Barry A. McClenahan | San Antonio, TX 78230 |
| 72. | Carol Kannegieter | Watertown, SD 57201 |
| 73. | Mary Stynoski | Morton Grove, IL 60053-2074 |
| 74. | Eugenia W. Raper | Ashdown, AR 71822 |
| 75. | Charles Ross Werner<br>Joan L. Werner | Palm Desert, CA 92211 |

# EXHIBIT A-1

The parties in *Washtenaw County Employees' Retirement System v. Walgreen Co. et al.*, No. 1:15-cv-3187 ("Action") have reached a proposed settlement of the claims against Walgreen Co. ("Walgreens"), Gregory D. Wasson, and Wade D. Miquelon (collectively, "Defendants"). If approved, the Settlement will resolve the Action in which Class Representative alleged that Defendants made materially false or misleading statements regarding Walgreens' projected business performance and pharmacy business during the Class Period. Defendants deny any liability or wrongdoing. You received this notice because you, or an investment account for which you serve as a custodian, may be a member of the following Class: <u>All persons and entities who purchased or otherwise acquired Walgreens common stock between April 17, 2014 and August 5, 2014, inclusive, and were damaged thereby</u>.

Pursuant to the Settlement, Defendants have agreed to pay $105,000,000, which, after deducting any Court-awarded fees and expenses, notice and administration costs, and taxes, will be allocated among Class Members who submit valid claims, in exchange for the Settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Settlement Notice available at www.WalgreensSecuritiesLitigation.com. If you are a Class Member,** your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in Walgreens common stock during the relevant time period. If all Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of Walgreens common stock will be approximately $0.73 *before* deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the full Settlement Notice, or other plan ordered by the Court.

**To qualify for a payment from the Settlement, you must submit a valid Claim Form.** The Claim Form can be found and submitted on the Settlement Website, or you can request that one be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by _____ __, 2022.** If you want to object to any aspect of the Settlement or Class Counsel's motion for attorneys' fees and expenses, you must file and serve an objection by _____, 2022. The full Settlement Notice provides the requirements for submitting a Claim Form or an objection. Because Class Members were previously provided the opportunity to request exclusion from the Class in connection with class certification, the Court is not permitting a second opportunity to request exclusion in connection with the Settlement proceedings.

The Court will hold a hearing on _____ __, 2022 at __:__ _.m., to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Class for up to 27.5% of the Settlement Fund in attorneys' fees, plus litigation expenses of no more than $2.6 million (which equals a cost of approximately $0.22 per eligible share of Walgreens common stock). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-866-963-9976, send an email to info@WalgreensSecuritiesLitigation.com, or visit www.WalgreensSecuritiesLitigation.com.**

Walgreens Securities Litigation
Claims Administrator
P.O. Box 173092
Milwaukee, WI 53217

### *COURT-ORDERED LEGAL NOTICE*

*Washtenaw County Employees' Retirement
System v. Walgreen Co. et al.*,
No. 1:15-cv-3187 (N.D. Ill.)

**Your legal rights may be affected by this
securities class action. You may be eligible for a
cash payment from the Settlement. Please read
this Postcard Notice carefully.**

**For more information, please visit
www.WalgreensSecuritiesLitigation.com
or call 1-866-963-9976.**

EXHIBIT A-2

EXHIBIT A-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WALGREEN CO. et al.,<br><br>    Defendants. | Civil Action No. 1:15-cv-3187<br><br>Honorable Sharon Johnson Coleman |

## NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED WALGREEN CO. ("WALGREENS") COMMON STOCK BETWEEN APRIL 17, 2014 AND AUGUST 5, 2014, INCLUSIVE, AND WERE DAMAGED THEREBY.[1]**

### _A Federal Court authorized this Notice. This is not a solicitation from a lawyer._

**NOTICE OF SETTLEMENT:** This Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois ("Court"). Please be advised that the Court-appointed representative for the Class, Industriens Pensionsforsikring A/S ("Class Representative"), on behalf of itself and the Class, has reached a proposed settlement of the above-captioned action ("Action") with Walgreens, Gregory D. Wasson, and Wade D. Miquelon (collectively, "Defendants") for $105,000,000 in cash that, if approved, will resolve all claims in the Action ("Settlement"). The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated June 23, 2022 ("Stipulation").[2]

---

[1] Please Note: You may have received the previously disseminated Class Notice in or around January 2020 that was directed to all persons and entities who purchased or otherwise acquired Walgreens common stock between March 25, 2014 and August 5, 2014, inclusive, and were damaged thereby. By operation of the Court's Memorandum Opinion and Order regarding summary judgment dated November 2, 2021, the class was modified to include all persons and entities who purchased or otherwise acquired Walgreens common stock between April 17, 2014 and August 5, 2014, inclusive, and were damaged thereby.

[2] The Stipulation can be viewed at www.WalgreensSecuritiesLitigation.com. Capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to the Claims Administrator or Class Counsel (*see* ¶ 69 below).**

**Additional information about the Settlement is available on the website for the Action, www.WalgreensSecuritiesLitigation.com.**

1.     **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by Walgreens investors alleging, among other things, that Defendants violated the federal securities laws by making materially false or misleading statements regarding Walgreens' projected business performance and pharmacy business during the Class Period. A more detailed description of the Action is set forth in ¶¶ 11-27 below. The Settlement, if approved by the Court, will settle the claims of the Class, as defined in ¶ 28 below.

2.     **Statement of the Class's Recovery:** Subject to Court approval, Class Representative, on behalf of itself and the Class, has agreed to settle the Action in exchange for a settlement payment of $105,000,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Settlement Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3.     **Estimate of Average Amount of Recovery Per Share:** Based on Class Representative's damages expert's estimate of the number of shares of Walgreens common stock purchased or otherwise acquired during the Class Period that may have been affected by the conduct at issue in the Action (excluding shares purchased or otherwise acquired by persons and entities excluded from the definition of the "Class" and those who excluded themselves from the Class in connection with Class Notice and are listed on Appendix 1 to the Stipulation), and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share of Walgreens common stock is approximately $0.73. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Walgreens common stock; (ii) whether they sold their shares of Walgreens common stock and, if so, when; (iii) the total number and value of valid Claims submitted to participate in the Settlement; (iv) the amount of Settlement Notice and Administration Costs; and (v) the amount of attorneys'

fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4.     **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of Walgreens common stock that would be recoverable if Class Representative was to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.     **Attorneys' Fees and Expenses Sought:** Class Counsel has not received any attorneys' fees for its representation of the Class in the Action, which has been pending for seven years since 2015, and has advanced over $2 million in funds to pay expenses incurred to prosecute this Action with the expectation that if it was successful in recovering money for the Class, it would receive fees and be reimbursed for its expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel, Kessler Topaz Meltzer & Check, LLP, on behalf of itself and Court-appointed Liaison Counsel for the Class, Robbins Geller Rudman & Dowd LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 27.5% of the Settlement Fund. If awarded, it is estimated that this fee would not cover the lodestar (hours spent multiplied by hourly rates) of Class and Liaison Counsel. In addition, Class Counsel will apply for payment of Litigation Expenses incurred by Class Counsel and Liaison Counsel in connection with the institution, prosecution, and resolution of the claims in the Action against Defendants, in an amount not to exceed $2.6 million, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class in accordance with 15 U.S.C. §78u-4(a)(4). Any fees and expenses awarded by the Court will be paid from the Settlement Fund plus any interest earned at the same rate as earned by the Class on the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Walgreens common stock, if the Court approves Class Counsel's fee and expense application, is approximately $0.22 per share. **Please note that this amount is only an estimate**.

6.     **Identification of Attorneys' Representatives:** Class Representative and the Class are represented by Andrew L. Zivitz, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator at: *Walgreens Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173092, Milwaukee, WI 53217; 1-866-963-9976; info@WalgreensSecuritiesLitigation.com; or by visiting the website for the Action, www.WalgreensSecuritiesLitigation.com.

7.     **Reasons for the Settlement:** Class Representative's principal reason for entering into the Settlement is the immediate cash benefit for the Class without the risk or the delays and costs inherent in further litigation. Here, the Parties had concluded summary judgment and were briefing motions to exclude or limit expert testimony in anticipation of trial at the time the Settlement was reached. The benefit of the Settlement must be considered against the risk that a smaller recovery – or no recovery at all – might be achieved after motions to exclude or limit expert testimony were decided by the Court, at trial, or after the likely and lengthy appeals that

would have followed a trial, including individual reliance challenges that necessarily would have followed any trial victory by the Class. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2022.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Class Representative's Claims (defined in ¶ 37 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 38 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court (as described in ¶¶ 58-59 below). In order to object, you must be a member of the Class. |
| **GO TO A HEARING ON _____, 2022 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by _____, 2022, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up any right you may have to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. If you have not excluded yourself in connection with the Class Notice, you may not do so now as the Court has found that a second exclusion opportunity is unnecessary in light of the broad notice campaign conducted in connection with the Class Notice, as well as the fact that the statute of repose has since run, thereby prohibiting anyone who currently desires to exclude themselves from bringing their own claims at this time. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for**

_____ __, 2022 at __:__ _.m. – is subject to change without further notice to the Class. It is also within the Court's discretion to hold the hearing in person or by telephone or video conference. If you plan to attend the Settlement Hearing, you should check the website www.WalgreensSecuritiesLitigation.com or with Class Counsel as set forth above in ¶ 6 to confirm that no change to the date and/or time of the hearing has been made.

| | |
|---|---|
| **WHAT THIS NOTICE CONTAINS** | |

| | |
|---|---|
| What Is The Purpose Of This Notice? | Page __ |
| What Is This Case About? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | |
|    Who Is Included In The Class? | Page __ |
| What Are Class Representative's Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Class Members Affected By The Action | |
|    And The Settlement? | Page __ |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? | |
|    How Will The Lawyers Be Paid? | Page __ |
| When And Where Will The Court Decide Whether To Approve The | |
|    Settlement? Do I Have To Come To The Hearing? May I Speak | |
|    At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares Of Walgreens Common Stock On | |
|    Someone Else's Behalf? | Page __ |
| Can I See The Court File? Whom Should I Contact If I Have | |
|    Questions? | Page __ |
| Proposed Plan of Allocation of Net Settlement Fund Among | |
|    Authorized Claimants | Appendix A |

| | |
|---|---|
| **WHAT IS THE PURPOSE OF THIS NOTICE?** | |

8.    The Court has directed the issuance of this Notice to inform potential Class Members about the proposed Settlement and their options in connection therewith before the Court rules on the proposed Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Class Representative and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform potential Class Members of the terms of the proposed Settlement, and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion

by Class Counsel for an award of attorneys' fees and Litigation Expenses ("Settlement Hearing"). *See* ¶¶ 56-57 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process takes time.

## WHAT IS THIS CASE ABOUT?

11. This is a securities class action against Defendants for alleged violations of the federal securities laws during the Class Period. Class Representative alleged that Defendants made materially false or misleading statements regarding Walgreens' projected business performance and pharmacy business during the Class Period. More specifically, Class Representative alleged that Defendants made false or misleading statements regarding the impact of generic drug price inflation and reimbursement pressures on Walgreens' pharmacy business. Class Representative alleged that when the relevant truth was revealed, Walgreens' stock price declined, causing damage to Walgreens' shareholders. Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any members of the Class.

12. The Action was commenced more than seven years ago, on April 10, 2015, with the filing of the initial complaint in the Court against Defendants, asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, promulgated thereunder, 17 C.F.R. § 240.10b-5.

13. Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended ("PSLRA"), notice to the public was issued setting forth the deadline by which putative class members could move the Court to be appointed to act as lead plaintiffs. By Order dated June 16, 2015, the Court appointed Industriens Pensionsforsikring A/S to serve as Lead Plaintiff in the Action and approved Lead Plaintiff's selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel and Robbins Geller Rudman & Dowd LLP as Liaison Counsel.

14. On August 17, 2015, Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Consolidated Complaint"). Defendants moved to dismiss the Consolidated Complaint on October 16, 2015. Defendants' motions to dismiss were fully briefed, and by Memorandum Opinion and Order dated September 30, 2016, the Court granted in part and denied in part Defendants' motions. Thereafter, on November 4, 2016, Defendants filed their answers to the Consolidated Complaint, denying all surviving allegations and asserting certain defenses. Defendants filed amended answers on January 16, 2017.

15. Following the Court's ruling on Defendants' motions to dismiss, discovery commenced. Pursuant to the Order dated February 22, 2017, the Court bifurcated class certification and merits discovery, deferring all merits discovery pending class certification proceedings.

16.     On April 21, 2017, Lead Plaintiff filed its motion for class certification, which Defendants opposed. The motion was fully briefed, and by Memorandum Opinion and Order dated March 29, 2018, the Court granted Lead Plaintiff's motion, certifying the class, appointing Lead Plaintiff Industriens Pensionsforsikring A/S as Class Representative, and appointing Kessler Topaz Meltzer & Check, LLP as Class Counsel.

17.     Thereafter, the Parties engaged in extensive fact and expert discovery, including: (i) the production of more than 1.1 million pages of documents by Defendants and non-parties and 1,956 pages of documents by Class Representative and its investment advisor; (ii) 35 fact and expert depositions; (iii) the exchange of opening and rebuttal expert reports for a total of eight merits experts; and (iv) litigation of nine discovery-related motions. The Parties also served and responded to interrogatories and other written discovery requests, exchanged numerous letters, and held numerous conferences concerning discovery issues.

18.     On December 21, 2018, Class Representative filed the First Amended Consolidated Complaint for Violations of the Federal Securities Laws ("Amended Consolidated Complaint"), which included both new allegations of false and misleading statements during the class period as well as amended allegations regarding certain statements that had been previously dismissed. Defendants moved to dismiss the Amended Consolidated Complaint on February 19, 2019. Defendants' motion to dismiss was fully briefed.

19.     By Memorandum Opinion and Order dated September 23, 2019, the Court granted in part and denied in part Defendants' motion. Defendants filed their answers to the Amended Consolidated Complaint on October 28, 2019.

20.     On December 5, 2019, Class Representative filed a joint stipulated motion to approve the form and manner of notice regarding the pendency of the Action as a class action. The Court granted the motion on December 18, 2019. Thereafter, the Notice of Pendency of Class Action ("Class Notice") was mailed to potential class members and a summary notice was published. The Class Notice and summary notice each informed potential class members that requests for exclusion from the class were to be submitted no later than April 20, 2020 (which deadline was subsequently extended to July 6, 2020 pursuant to General Orders issued in the District in response to the COVID-19 public emergency). Out of the tens of thousands of Class Notices distributed, a total of 75 timely requests for exclusion were received, as listed on Appendix 1 to the Stipulation.[3]

---

[3]     Pursuant to its Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____ __, 2022, because Class Members' opportunity to exclude themselves was provided in connection with Class Notice and the statute of repose has run, thereby precluding Class Members from bringing any of the Released Claims now, the Court has exercised its discretion not to permit Class Members a second opportunity to exclude themselves from the Class in connection with the Settlement.

21. On March 5, 2021, Defendants filed their motion for summary judgment. Also on March 5, 2021, Class Representative filed a motion for partial summary judgment. Both motions were fully briefed.

22. By Memorandum Opinion and Order dated November 2, 2021, the Court granted in part and denied in part Defendants' summary judgment motion and denied Class Representative's motion for partial summary judgment in its entirety. As noted above, by operation of this ruling, the class was modified to consist of all persons and entities who purchased or otherwise acquired Walgreens common stock between April 17, 2014 and August 5, 2014, inclusive, and were damaged thereby.[4]

23. Following the Court's ruling on the Parties' summary judgment motions, the Parties participated in a mediation session on November 17, 2021, with the assistance of the Honorable Layn R. Phillips of Phillips ADR ("Judge Phillips"). While the Parties made progress toward resolution, they were unable to settle the Action at the mediation session.

24. On November 18, 2021, Defendants filed a motion for partial reconsideration of the Court's ruling on summary judgment, or alternatively for an order certifying an interlocutory appeal. Defendants' motion was fully briefed, and by Memorandum Opinion and Order dated March 2, 2022, the Court granted Defendants' motion eliminating one of the three remaining alleged false and misleading statements in the Action.

25. With the assistance of Judge Phillips, the Parties continued settlement negotiations while also preparing to file motions to exclude or limit expert testimony in anticipation of trial. Following hard-fought, arm's-length negotiations, on May 19, 2022, the Parties accepted Judge Phillips' recommendation to resolve the Action for $105 million in cash. Thereafter, the Parties memorialized their agreement in principle to resolve the Action in a term sheet executed on May 25, 2022.

26. On June 23, 2022, the Parties entered into the Stipulation, which sets forth the specific terms and conditions of the Settlement. The Stipulation can be viewed at www.WalgreensSecuritiesLitigation.com.

27. On _____ __, 2022, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

---

28. If you are a member of the Class who has not previously sought exclusion from the Class in connection with Class Notice, you are subject to the Settlement. The Class, as certified by

---

[4] The previously disseminated Class Notice noted that the class definition may be subject to change by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

the Court pursuant to its Memorandum Opinion and Order dated March 29, 2018, and as modified by operation of the Court's Memorandum Opinion and Order regarding summary judgment dated November 2, 2021, consists of:

> **All persons and entities who purchased or otherwise acquired Walgreens common stock between April 17, 2014 and August 5, 2014, inclusive, and were damaged thereby.**

Excluded from the Class are: (i) any Defendant in the Action; (ii) the officers and directors of Walgreens; (iii) members of the immediate families of the individual Defendants in the Action; (iv) any entity in which any Defendants has or had a controlling interest; and (v) the legal representative, heirs, successors, or assigns of any such excluded party. Also excluded from the Class are the persons and entities that submitted a request for exclusion in connection with Class Notice, as set forth on Appendix 1 to the Stipulation.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT A CLAIM FORM AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2022. YOU CAN OBTAIN A CLAIM FORM AT WWW.WALGREENSSECURITIESLITIGATION.COM OR BY CALLING 1-866-963-9976.**

## WHAT ARE CLASS REPRESENTATIVE'S REASONS FOR THE SETTLEMENT?

29.     The Settlement is the result of more than seven years of hard-fought litigation and extensive, arm's-length negotiations by the Parties and was reached as the parties were preparing for trial. Class Representative believes that the claims asserted against Defendants have merit; however, it recognized the substantial risks it faced in successfully obtaining a favorable verdict for the Class at trial and through the likely appeals that would follow.

30.     In particular, Class Representative recognized that Defendants had significant defenses to its claims. Throughout the Action, Defendants asserted that the statements at issue in the Action were not false or misleading at the time they were made and that Class Representative would be unable to establish that Defendants did not legitimately believe the truth of such statements. Relatedly, Defendants contended that they did not act with the required intent, or "scienter." Class Representative also faced challenges with respect to establishing that the stock price decline was attributable to the alleged false statements, and thus the actual damages a jury might award. Specifically, and among other arguments, Defendants argued that the price decline in Walgreens common stock on the alleged corrective disclosure date was caused by factors unrelated to the alleged fraud. Had the jury accepted any of Defendants' arguments or viewed the facts in favor of Defendants in whole or in part, or if the Seventh Circuit in subsequent proceedings accepted these arguments or theories, Class Representative's ability to obtain a recovery for the

Class could have been reduced or eliminated. Further, even if completely or partly successful at trial, Class Representative would still have to prevail on the appeals that would likely follow. Thus, there were significant risks and delays attendant to the continued prosecution of the Action, including the risk of zero recovery.

31.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Class Representative and Class Counsel believe that the Settlement provides a favorable result for the Class, namely $105,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after trial, and appeals, possibly years in the future.

32.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

33.     If there were no Settlement and Class Representative failed to establish any essential element of its claims against Defendants at trial, neither Class Representative nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

34.     As a Class Member, you are represented by Class Representative and Class Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of their appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

35.     If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and if you did not previously exclude yourself from the Class in connection with Class Notice (as listed on Appendix 1 to the Stipulation), you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

36.     If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment. The judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Representative's Claim (defined in ¶ 37 below) against Defendants and the other Defendants' Releasees (defined in ¶ 38 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Class Representative's Claims against any of Defendants or the other Defendants' Releasees in any forum of any kind, whether or not such Class Member executes and delivers a Proof of Claim Form. This Release was separately bargained for and is an essential element of the Stipulation and the Settlement

37.     "Released Class Representative's Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Class Representative or any other member of the Class (a) asserted in the Action or (b) could have asserted in any court or forum that arise out of or are based upon the same allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the complaints filed in the Action and that relate to the purchase or other acquisition of Walgreens common stock during the period from March 25, 2014 through August 5, 2014, inclusive. Released Class Representative's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims asserted in *Cutler v. Wasson et al.*, No. 14-cv-10408 (N.D. Ill.); or (iii) any claims of the persons and entities who timely requested exclusion from the Class pursuant to the Notice of Pendency as set forth on Appendix 1 to the Stipulation.

38.     "Defendants' Releasees" means (i) Defendants and Defendants' Counsel; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, partners, members, shareholders, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, employees, directors, partners, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons and entities listed in (i) and (ii), in their capacities as such.

39.     "Unknown Claims" means any Released Class Representative's Claims which Class Representative or any other Class Member does not know or suspect to exist in their favor at the time of the release of any and all Released Claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in their favor at the time of the release of any and all Released Claims, which, if known by any of them, might have materially affected their decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the judgment shall have expressly waived, any and all provisions,

11

rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representative and Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Class Representative shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such additional or different facts. Class Representative and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

40.     The judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (defined in ¶ 41 below) against Class Representative and the other Class Representative's Releasees (defined in ¶ 42 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against Class Representative or any of Class Representative's Releasees in any forum of any kind. This Release was separately bargained for and is an essential element of the Stipulation and the Settlement. This Release shall not apply to any person or entity who previously submitted a timely request for exclusion from the Class in connection with the Class Notice as set forth on Appendix 1 to the Stipulation.

41.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the Released Class Representative's Claims against Defendants and the other Defendants' Releasees. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement.

42.     "Class Representative's Releasees" means (i) Class Representative, its attorneys, and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors,

12

predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?** |
|---|

43.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.WalgreensSecuritiesLitigation.com, no later than _____, 2022***. You can obtain a copy of the Claim Form on the website, www.WalgreensSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-963-9976, or by emailing the Claims Administrator at info@WalgreensSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Walgreens common stock, as they may be needed to document your Claim.** If you previously requested exclusion from the Class in connection with Class Notice or do not submit a timely and valid Claim, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

44.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

45.    Pursuant to the Settlement, Defendants shall pay or cause to be paid $105,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount, plus any interest earned thereon, is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

46.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

47.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants and the other Defendants' Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

48.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim postmarked (if mailed), or online, on or before _____ __, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any judgment entered and the Releases given. This means that each Class Member releases the Released Class Representative's Claims (defined in ¶ 37 above) against the Defendants and the other Defendants' Releasees (defined in ¶ 38 above) and will be enjoined and prohibited from prosecuting any of the Released Class Representative's Claims against any of the Defendants or the other Defendants' Releasees whether or not such Class Member submits a Claim Form.

49.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Walgreens common stock purchased/acquired through an Employee Plan in any Claim they submit in this Action. They should include ONLY those eligible shares of Walgreens common stock purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Walgreens common stock during the Class Period may be made by trustees of the Employee Plan(s).

50.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

51.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to their Claim Form.

52.     Only Class Members or persons authorized to submit a Claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class in connection with the Class Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

53.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representative in consultation with its damages expert. At the Settlement Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

54.     Class Counsel, on behalf of itself and Liaison Counsel, will apply to the Court for an award of attorneys' fees and payment of Litigation Expenses. Class Counsel's motion for attorneys' fees will not exceed 27.5% of the Settlement Fund and its motion for Litigation Expenses will not exceed $2.6 million in expenses incurred in connection with the prosecution and resolution of this Action. If awarded, it is estimated that this fee would not cover the lodestar (hours spent multiplied by hourly rates) of Class and Liaison Counsel. Class Counsel's motion for attorneys' fees and Litigation Expenses, which may include a request for reimbursement of the

14

reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4), will be filed by _____ __, 2022, and the Court will consider Class Counsel's motion at the Settlement Hearing. A copy of Class Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.WalgreensSecuritiesLitigation.com once it is filed. Any award of attorneys' fees and payment of Litigation Expenses, including any reimbursement of costs and expenses to Class Representative, will be paid from the Settlement Fund, plus interest calculated at the same rate as earned by the Class on the Settlement Fund, prior to allocation and payment to Authorized Claimants. ***Class Members are not personally liable for any such attorneys' fees or expenses***.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

55. **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.**

56. <u>Please Note</u>: The date and time of the Settlement Hearing may change without further written notice to the Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the website for the Action, www.WalgreensSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the website www.WalgreensSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the website www.WalgreensSecuritiesLitigation.com.**

57. The Settlement Hearing will be held on _____, **2022 at __:__ _.m.**, before the Honorable Sharon Johnson Coleman, United States District Judge for the Northern District of Illinois, in Courtroom 1241 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The Court may approve the Settlement, the Plan of Allocation, Class Counsel's motion for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

58. Any Class Member may object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District

of Illinois at the address set forth below, as well as serve copies on Class Counsel and representative Defendants' Counsel at the addresses set forth below ***on or before _____, 2022***.

| **Clerk's Office** | **Class Counsel** | **Representative Defendants' Counsel** |
|---|---|---|
| United States District Court Northern District of Illinois Everett McKinley Dirksen United States Courthouse 219 South Dearborn Street Chicago, IL 60604 | Andrew L. Zivitz Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA 19087 | John M. Skakun III Sidley Austin LLP One South Dearborn Chicago, IL 60603 |

59.     Any objection, filings, and other submissions by the objecting Class Member must: (a) identify the case name and docket number, *Washtenaw County Employees' Retirement System v. Walgreen Co. et al.*, Civil Action No. 1:15-cv-3187 (N.D. Ill.); (b) state the name, address, and telephone number of the person or entity objecting and be signed by the objector; (c) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) include documents sufficient to prove membership in the Class, *including* the number of shares of Walgreens common stock that the objecting Class Member: (A) owned as of the opening of trading on April 17, 2014, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement.

60.     **You may not object to the Settlement, Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses if you excluded yourself from the Class in connection with the previously disseminated Class Notice and are listed on Appendix 1 to the Stipulation.[5]**

61.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

62.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a

---

[5]     As this Class was previously certified and, in connection therewith, Class Members had the opportunity to exclude themselves from the Class, the Court has exercised its discretion not to allow a second opportunity for exclusion in connection with the settlement proceedings.

notice of appearance with the Clerk's Office and serve it on Class Counsel and representative Defendants' Counsel at the addresses set forth in ¶ 58 above so that it is ***received* on or before _____ __, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

63.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and representative Defendants' Counsel at the addresses set forth in ¶ 58 above so that the notice is ***received* on or before _____ __, 2022**.

64.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| |
|---|
| **WHAT IF I BOUGHT SHARES OF WALGREENS COMMON STOCK ON SOMEONE ELSE'S BEHALF?** |

65.     **Please Note: If you previously provided the names and addresses of persons and entities on whose behalf you purchased or otherwise acquired Walgreens common stock between March 25, 2014 and August 5, 2014, in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, *you need do nothing further at this time*. The Claims Administrator will mail a Postcard Notice to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.** If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected this option, the Claims Administrator will forward the same number of Postcard Notices to you to send to the beneficial owners. If you require more copies of the Postcard Notice than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, A.B. Data, Ltd., toll free at 1-866-963-9976, and let them know how many additional Postcard Notices you require. You must mail the Postcard Notice to the beneficial owners within seven (7) calendar days of your receipt of the Postcard Notices.

66.     If you have not already provided the names and addresses for persons and entities on whose behalf you purchased or otherwise acquired Walgreens common stock in connection with the Class Notice, then the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) send the Postcard Notice to all beneficial owners of such Walgreens common stock, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Walgreens Securities*

*Litigation*, c/o A.B. Data. Ltd., P.O. Box 173092, Milwaukee, WI 53217, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH THE CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (*E.G.*, BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

67.     Upon full and timely compliance with these directions, nominees who mail the Postcard Notice to beneficial owners may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

68.     Copies of this Notice and the Claim Form may be obtained from the website for the Action, www.WalgreensSecuritiesLitigation.com, by calling the Claims Administrator toll free at 1-866-963-9976, or by sending an email to info@WalgreensSecuritiesLitigation.com.

| |
|---|
| **CAN I SEE THE COURT FILE?** <br> **WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

69.     This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.WalgreensSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ilnd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website www.WalgreensSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Walgreens Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173092
Milwaukee, WI 53217
1-866-963-9976

info@WalgreensSecuritiesLitigation.com
www.WalgreensSecuritiesLitigation.com

and/or

Andrew L. Zivitz
Kessler Topaz Meltzer
& Check, LLP
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

info@ktmc.com
www.ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2022

By Order of the Court
United States District Court
Northern District of Illinois

19

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Class Representative after consultation with its damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Class. Any orders regarding a modification of the Plan of Allocation will be posted on the website, www.WalgreensSecuritiesLitigation.com. Defendants have had, and will have, no involvement in or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Consolidated Complaint and sustained by the Court in subsequent orders, as opposed to economic losses caused by market or industry factors or Walgreens-specific factors unrelated thereto. To that end, Class Representative's damages expert calculated the estimated amount of alleged artificial inflation in the per share price of Walgreens common stock over the course of the Class Period (i.e., April 17, 2014 through August 5, 2014, inclusive) that was allegedly proximately caused by Defendants' alleged materially false or misleading statements.

Calculations made pursuant to the Plan of Allocation do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Class Members would have recovered after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. Rather, the computations under the Plan of Allocation are a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented or concealed information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired Walgreens common stock during the Class Period and ***held such Walgreens common stock through*** the alleged corrective disclosure on August 6, 2014 that removed the alleged artificial inflation related to that information.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.    For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Walgreens common stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 5 below.

2.    A "Recognized Loss Amount" will be calculated as set forth below for each share of Walgreens common stock purchased or otherwise acquired between April 17, 2014 and August 5, 2014, inclusive, that is listed in the Claim Form and for which adequate documentation is

20

provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's Recognized Claim.

3.    A Claimant's Recognized Loss Amount will be calculated as follows:

    a.    For each share of Walgreens common stock purchased or otherwise acquired during the Class Period and subsequently sold prior to August 6, 2014, the Recognized Loss Amount is $0.

    b.    For each share of Walgreens common stock purchased or otherwise acquired during the Class Period and subsequently sold from August 6, 2014, through and including November 3, 2014,[6] the Recognized Loss Amount shall be ***the least of***:

        i.    $8.69 per share (the amount of alleged artificial inflation removed from the price of Walgreens common stock on August 6, 2014); or

        ii.    the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) ***minus*** the 90-day Look-Back Value as set forth in **Table 1** below; or

        iii.    the Out of Pocket Loss, calculated as the actual purchase/acquisition price per share (excluding taxes, commissions, and fees) ***minus*** the actual sale price per share (excluding taxes, commissions, and fees).[7]

---

[6]    November 3, 2014 represents the last day of the 90-day period subsequent to the end of the Class Period, i.e., the period from August 6, 2014 through November 3, 2014 (the "90-day Look-Back Period"). The Private Securities Litigation Reform Act of 1995 (PSLRA) imposes a statutory limitation on recoverable damages using the 90-day Look-Back Period. This limitation is incorporated into the calculation of a Class Member's Recognized Loss Amount. Specifically, a Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Walgreens common stock and the average price of Walgreens common stock during the 90-day Look-Back Period if the Walgreens common stock was held through November 3, 2014, the end of this period. Losses on Walgreens common stock purchased/acquired during the period between April 17, 2014 and August 5, 2014, and sold during the 90-day Look-Back Period cannot exceed the difference between the purchase price paid for the Walgreens common stock and the average price of Walgreens common stock during the portion of the 90-day Look-Back Period that had elapsed prior to the date of sale (the "90-day Look-Back Value"), as set forth in **Table 1** below.

[7]    To the extent that the calculation of an Out of Pocket Loss results in a negative number reflecting a gain on the transaction, that number shall be set to zero.

    c.    For each share of Walgreens common stock held as of the close of trading on November 3, 2014 (i.e., the last day of the 90-day Look-Back Period), the Recognized Loss Amount shall be ***the lesser of***:

    i.    $8.69 per share (the amount of alleged artificial inflation); or

    ii.    the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) ***minus*** $61.62 (the average closing price of Walgreens common stock during the 90-day Look-Back Period (i.e., August 6, 2014 through November 3, 2014), as shown on the last line in **Table 1** below).

## ADDITIONAL PROVISIONS

4.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 9 below) is $10.00 or greater.

5.    If a Class Member has more than one purchase/acquisition or sale of Walgreens common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings of Walgreens common stock at the beginning of the Class Period, and then against purchases/acquisitions of Walgreens common stock, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

6.    Purchases/acquisitions and sales of Walgreens common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Walgreens common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Walgreens common stock for purposes of the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Walgreens common stock unless (i) the donor or decedent purchased or otherwise acquired such Walgreens common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Walgreens common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

7.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Walgreens common stock. The date of a "short sale" is deemed to be the date of sale of the Walgreens common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Walgreens common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

8.    Walgreens common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Walgreens common stock are not securities eligible to participate in the Settlement unless such options were exercised during the Class Period.

With respect to Walgreens common stock purchased or sold through the exercise of an option, the purchase/sale date of the Walgreens common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Walgreens common stock acquired during the Class Period through the exercise of an option on Walgreens common stock[8] shall be computed as provided for other purchases of Walgreens common stock in the Plan of Allocation.

9.     The Net Settlement Fund will be distributed to Authorized Claimants *pro rata* based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the final calculation of total Recognized Claims for purposes of the *pro rata* distribution, and no distribution will be made to that Authorized Claimant.

10.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit, organization(s) to be recommended by Class Counsel and approved by the Court.

11.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Class Representative, Class Counsel, Class Representative's damages expert, Defendants, Defendants' Counsel, any of the other Releasees, the Claims Administrator, or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders.

---

[8]     This includes (1) purchases of Walgreens common stock as the result of the exercise of a call option, and (2) purchases of Walgreens common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

**Table 1**
**Walgreens Common Stock 90-Day Look-Back Value**
**by Sale/Disposition Date**

| Sale Date | 90-Day Look-Back Value | Sale Date | 90-Day Look-Back Value |
|---|---|---|---|
| 8/6/2014 | $59.21 | 9/22/2014 | $61.86 |
| 8/7/2014 | $60.04 | 9/23/2014 | $61.84 |
| 8/8/2014 | $60.26 | 9/24/2014 | $61.83 |
| 8/11/2014 | $60.69 | 9/25/2014 | $61.79 |
| 8/12/2014 | $60.99 | 9/26/2014 | $61.75 |
| 8/13/2014 | $61.23 | 9/29/2014 | $61.69 |
| 8/14/2014 | $61.38 | 9/30/2014 | $61.63 |
| 8/15/2014 | $61.42 | 10/1/2014 | $61.56 |
| 8/18/2014 | $61.49 | 10/2/2014 | $61.52 |
| 8/19/2014 | $61.56 | 10/3/2014 | $61.50 |
| 8/20/2014 | $61.60 | 10/6/2014 | $61.48 |
| 8/21/2014 | $61.56 | 10/7/2014 | $61.44 |
| 8/22/2014 | $61.52 | 10/8/2014 | $61.44 |
| 8/25/2014 | $61.47 | 10/9/2014 | $61.45 |
| 8/26/2014 | $61.43 | 10/10/2014 | $61.48 |
| 8/27/2014 | $61.37 | 10/13/2014 | $61.46 |
| 8/28/2014 | $61.32 | 10/14/2014 | $61.45 |
| 8/29/2014 | $61.28 | 10/15/2014 | $61.44 |
| 9/2/2014 | $61.21 | 10/16/2014 | $61.42 |
| 9/3/2014 | $61.16 | 10/17/2014 | $61.39 |
| 9/4/2014 | $61.22 | 10/20/2014 | $61.37 |
| 9/5/2014 | $61.35 | 10/21/2014 | $61.38 |
| 9/8/2014 | $61.42 | 10/22/2014 | $61.38 |
| 9/9/2014 | $61.47 | 10/23/2014 | $61.39 |
| 9/10/2014 | $61.54 | 10/24/2014 | $61.41 |
| 9/11/2014 | $61.61 | 10/27/2014 | $61.44 |
| 9/12/2014 | $61.66 | 10/28/2014 | $61.48 |
| 9/15/2014 | $61.70 | 10/29/2014 | $61.50 |
| 9/16/2014 | $61.76 | 10/30/2014 | $61.53 |
| 9/17/2014 | $61.83 | 10/31/2014 | $61.57 |
| 9/18/2014 | $61.87 | 11/3/2014 | $61.62 |
| 9/19/2014 | $61.90 | | |

EXHIBIT A-3

EXHIBIT A-3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO. et al.,<br><br>Defendants. | Civil Action No. 1:15-cv-3187<br><br>Honorable Sharon Johnson Coleman |

## SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons and entities who purchased or otherwise acquired Walgreen Co. ("Walgreens") common stock between April 17, 2014 and August 5, 2014, inclusive, and were damaged thereby ("Class").** Certain persons and entities are excluded from the Class, as set forth in the Stipulation and Agreement of Settlement dated June 23, 2022 ("Stipulation") and the Settlement Notice described below.

## PLEASE READ THIS NOTICE CAREFULLY;
## YOUR RIGHTS WILL BE AFFECTED BY A
## CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois ("Court"), that Court-appointed Class Representative Industriens Pensionsforsikring A/S ("Class Representative"), on behalf of itself and the Class in the above-captioned securities class action ("Action"), has reached a proposed settlement of the Action with defendants Walgreens, Gregory D. Wasson, and Wade D. Miquelon (collectively, "Defendants"), for $105,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

A hearing will be held on _____ __, 2022 at __:__ _.m., before the Honorable Sharon Johnson Coleman, United States District Judge for the Northern District of Illinois, either in person in Courtroom 1241 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or by video or telephonic conference as the Court may order, to determine whether: (i) the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Settlement Notice described below) should be entered; (iii) the proposed Plan of Allocation for distributing the net proceeds of the Settlement

should be approved as fair and reasonable; and (iv) Class Counsel's motion for attorneys' fees and Litigation Expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. This notice provides only a summary of the information contained in the detailed Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Settlement Notice"). You may obtain a copy of the Settlement Notice, along with the Claim Form, on the website for the Action, www.WalgreensSecuritiesLitigation.com. You may also obtain a copy of the Settlement Notice and Claim Form by contacting the Claims Administrator by mail at *Walgreens Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173092, Milwaukee, WI 53217; by calling toll free 1-866-963-9976; or by sending an email to info@WalgreensSecuritiesLitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online via www.WalgreensSecuritiesLitigation.com, no later than _____ __, 2022***, in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses must be filed with the Court and delivered to Class Counsel and representative Defendants' Counsel such that they are ***received no later than _____ __, 2022***, in accordance with the instructions set forth in the Settlement Notice. Because notice was previously issued to the Class in connection with class certification, providing Class Members with the opportunity to exclude themselves from the Class at that time, the Court has exercised its discretion not to allow a second opportunity for Class Members to request exclusion in connection with the settlement proceedings, particularly given that the statute of repose on any claims being released in connection with the Settlement has run and thus, anyone attempting to exclude themselves would not be able to bring any such claims.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Class Counsel.

Requests for the Settlement Notice and Claim Form should be made to the Claims Administrator:

*Walgreens Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173092
Milwaukee, WI 53217
1-866-963-9976

info@WalgreensSecuritiesLitigation.com
www.WalgreensSecuritiesLitigation.com

All other inquiries should be made to Class Counsel:

Andrew L. Zivitz
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

info@ktmc.com
www.ktmc.com

DATED: _____ __, 2022                      BY ORDER OF THE COURT
                                                     United States District Court
                                                     Northern District of Illinois

# EXHIBIT A-4

**EXHIBIT A-4**

*Walgreens Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173092**
**Milwaukee, WI 53217**

**Toll-Free Number: 1-866-963-9976**
**Email: info@WalgreensSecuritiesLitigation.com**
**Website: www.WalgreensSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund from the proposed Settlement of the action captioned *Washtenaw County Employees' Retirement System v. Walgreen Co. et al.*, Civil Action No. 1:15-cv-3187 (N.D. Ill.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online at www.WalgreensSecuritiesLitigation.com, **postmarked (or received) no later than _____, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the proposed Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at www.WalgreensSecuritiesLitigation.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN WALGREEN CO. COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – GENERAL INSTRUCTIONS

1.       It is important that you completely read and understand the Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Settlement Notice"), including the proposed Plan of Allocation set forth in the Settlement Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the Releases described therein and provided for herein.

2.       This Claim Form is directed to **all persons and entities who purchased or otherwise acquired Walgreen Co. ("Walgreens") common stock during the Class Period (i.e., the period between April 17, 2014 and August 5, 2014, inclusive), and were damaged thereby**. Certain persons and entities are excluded from the Class by definition as set forth in ¶ 28 of the Settlement Notice.

3.       By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Settlement Notice. IF YOU ARE NOT A CLASS MEMBER (*see* definition of "Class" contained in ¶ 28 of the Settlement Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS IN CONNECTION WITH THE PREVIOUSLY DISSEMINATED CLASS NOTICE AND ARE LISTED ON APPENDIX 1 TO THE STIPULATION, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.       **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.       Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Walgreens common stock. On this Schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Walgreens common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.       **Please note**: Only Walgreens common stock purchased or otherwise acquired during the Class Period (i.e., the period between April 17, 2014 and August 5, 2014, inclusive) is eligible under the Settlement. However, pursuant to the "90-day look-back period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of Walgreens common stock during the period from August 6, 2014 through and including the close of trading on November 3, 2014 will be used for purposes of calculating loss amounts under the Plan of Allocation. For the Claims Administrator to balance your claim, the requested purchase information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Walgreens common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Walgreens common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Walgreens common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Walgreens common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Walgreens common stock made on behalf of a single beneficial owner.

10.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Walgreens common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent

documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Settlement Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@WalgreensSecuritiesLitigation.com, or by toll-free phone at 1-866-963-9976, or you can visit the website maintained by the Claims Administrator, www.WalgreensSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

15.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the website www.WalgreensSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@WalgreensSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@WalgreensSecuritiesLitigation.com to inquire about your file and confirm it was received.**

<u>**IMPORTANT PLEASE NOTE**</u>:

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-866-963-9976.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City

State

Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)

Telephone Number (work)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

Claimant Account Type (check appropriate box)

    Individual (includes joint owner accounts)        Pension Plan        Trust

    Corporation        Estate

    IRA/401K        Other _____ (please specify)

---

[1]    If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶ 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN
## WALGREEN CO. COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Walgreens common stock during the period between April 17, 2014 and August 5, 2014, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information regarding securities other than Walgreens common stock.

| | | | | |
|---|---|---|---|---|
| **1. HOLDINGS AS OF APRIL 17, 2014** – State the total number of shares of Walgreens common stock held as of the opening of trading on April 17, 2014. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS BETWEEN APRIL 17, 2014 AND AUGUST 5, 2014, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Walgreens common stock from after the opening of trading on April 17, 2014 through and including the close of trading on August 5, 2014. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS BETWEEN AUGUST 6, 2014 AND NOVEMBER 3, 2014, INCLUSIVE** – State the total number of shares of Walgreens common stock purchased/acquired (including free receipts) from after the opening of trading on August 6, 2014 through and including the close of trading on November 3, 2014. (Must be documented.) If none, write "zero" or "0."[2] _____

| | |
|---|---|
| **4. SALES BETWEEN APRIL 17, 2014 AND NOVEMBER 3, 2014, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Walgreens common stock from after the opening of trading on April 17, 2014 through and including the close of trading on November 3, 2014. (Must be documented.) | **IF NONE, CHECK HERE** ○ |

---

[2]   **Please note**:  Information requested with respect to your purchases/acquisitions of Walgreens common stock from after the opening of trading on August 6, 2014 through and including the close of trading on November 3, 2014 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

| | Confirm Proof of Holding Position Enclosed |
|---|---|
| **5.  HOLDINGS AS OF NOVEMBER 3, 2014 –** State the total number of shares of Walgreens common stock held as of the close of trading on November 3, 2014. (Must be documented.) If none, write "zero" or "0." _____ | ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PROVIDE THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Representative's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Class Representative's Claims against any of the Defendants or the other Defendants' Releasees in any of forum of any kind.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.     that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the Claimant(s) is a (are) member(s) of the Class, as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.     that the Claimant(s) did **not** submit a request for exclusion from the Class in connection with the previously disseminated Class Notice;

4.     that I (we) own(ed) the Walgreens common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Walgreens common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.     that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the Releases set forth herein;

7.     that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8.     that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.     that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that they are subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that they are no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that they are subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant                                                                                          Date

_____
Print Claimant name here

_____
Signature of joint Claimant, if any                                                                       Date

_____
Print joint Claimant name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of Claimant                                            Date

_____
Print name of person signing on behalf of Claimant here

_____
Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page __ of this Claim Form.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-866-963-9976.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@WalgreensSecuritiesLitigation.com, or by toll-free phone at 1-866-963-9976 or you may visit www.WalgreensSecuritiesLitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.WALGREENSSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ \_\_, 2022.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Walgreens Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173092**
**Milwaukee, WI 53217**

      If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ \_\_, 2022, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

      You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT B

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:15-cv-3187 |
| Plaintiff, | Honorable Sharon Johnson Coleman |
| v. | |
| WALGREEN CO. et al., | |
| Defendants. | |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, an action is pending in this Court entitled *Washtenaw County Employees' Retirement System v. Walgreen Co. et al.*, Civil Action No. 1:15-cv-3187 (the "Action");

WHEREAS, by Memorandum Opinion and Order dated March 29, 2018, this Court certified the Action to proceed as a class action on behalf of a class of all persons and entities who purchased or otherwise acquired Walgreen Co. ("Walgreens") common stock between March 25, 2014 and August 5, 2014, inclusive, and were damaged thereby;

WHEREAS, pursuant to the Order dated December 18, 2019, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the class to notify them of, among other things: (i) the Action pending against defendants Walgreens, Gregory D. Wasson, and Wade D. Miquelon (collectively, "Defendants"); (ii) the Court's certification of the Action to proceed as a class action; and (iii) their right to request to be excluded from the class, the effect of remaining in the class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, by operation of the Court's Memorandum Opinion and Order regarding summary judgment dated November 2, 2021, the class previously certified by the Court was modified to consist of all persons and entities who purchased or otherwise acquired Walgreens common stock between April 17, 2014 and August 5, 2014, inclusive, and were damaged thereby (the "Class"[1]);

WHEREAS, (a) Court-appointed Class Representative Industriens Pensionsforsikring A/S ("Class Representative"), on behalf of itself and the Class, and Defendants (together with Class Representative, the "Parties") have entered into the Stipulation and Agreement of Settlement dated June 23, 2022 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated _____ __, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2022 (the "Settlement

---

[1]     Excluded from the Class by definition are: (i) any Defendant in this Action; (ii) the officers and directors of Walgreens; (iii) members of the immediate families of the individual Defendants in this Action; (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representative, heirs, successors, or assigns of any such excluded party. Also excluded from the Class are the persons and entities identified on Exhibit 1 hereto that submitted a request for exclusion in connection with the Class Notice.

Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on June 23, 2022; and (b) the Postcard Notice, the Settlement Notice, and the Summary Settlement Notice, all of which were filed with the Court on _____ __, 2022.

3. **Notice** – The Court finds that the dissemination of the Postcard Notice and Notice Packet, the posting of the Settlement Notice on the Settlement Website, and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder and the prohibition against a second exclusion opportunity); (ii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; and (iv)

their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

4.    **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5.    [**Objections** – The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class. Specifically, the Court finds that (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arms' length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed

attorneys' fee and Litigation Expenses award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.      The Action and all of the claims asserted against Defendants in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representative, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto who previously submitted a timely request for exclusion from the Class are excluded from the Class and are not bound by the terms of the Stipulation or this Judgment.

9.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released,

resolved, relinquished, waived, and discharged each and every Released Class Representative's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Class Representative's Claims against any of Defendants or the other Defendants' Releasees in any forum of any kind, whether or not such Class Member has executed or delivered a Proof of Claim Form.

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executives, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the other Class Representative's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against Class Representative or any of Class Representative's Releasees in any forum of any kind. This Release shall not apply to any person or entity who previously submitted a timely request for exclusion from the Class in connection with the Class Notice as set forth on Exhibit 1 hereto.

10.     Notwithstanding paragraphs 9 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – Based on its review of the record, the Court finds that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **<u>No Admissions</u>** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments preferred in connection therewith):

(a)     shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of Class Representative's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Class Representative's Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any

7

kind, or in any way referred to for any other reason as against any of Class Representative's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

13.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Class Counsel in the Action; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.     Separate orders shall be entered regarding approval of the Plan of Allocation and the motion of Class Counsel for attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Class Representative and Defendants are hereby authorized to agree to and adopt such

amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representative and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on May 25, 2022, as provided in the Stipulation.

17.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2022.


_____
The Honorable Sharon Johnson Coleman
United States District Judge

# EXHIBIT 1

***Walgreens Securities Litigation***
**Exclusion Report**

| Name | City, State, Zip |
|---|---|
| 1. Donald E. Struck<br>Joan C. Struck | Springfield, IL 62711-6030 |
| 2. Mary P. Carr | Lincolnwood, IL 60712 |
| 3. Melvin W. Harvey<br>Karen L. Harvey | Nenana, AK 99760 |
| 4. Robert R. Bakanowicz | Kimberling City, MO 65686 |
| 5. Charles H. Williamson<br>Joyce H. Williamson | Woodstock, GA 30188 |
| 6. John Eric Nelson | Oswego, IL 60543 |
| 7. Virginia Ann Benson | Springfield, TN 37172 |
| 8. Donna Rehman<br>Donald Rehman<br>Melanie Rehman | Winfield, IL 60190 |
| 9. Larry K. Gray | Tucson, AZ 85742 |
| 10. Jean Hack | Valparaiso, IN 46383 |
| 11. Emilio A. Vazquez<br>Emilio A. Vazquez, Jr. JT<br>Tenants | Miami, FL 33222-8177 |
| 12. David C. Morehouse<br>Alice M. Morehouse<br>Trustees of the Morehouse<br>Trust dated April 3, 2001 | Madison, WI 53719 |
| 13. Sonya C. Gans | Monticello, IL 61856 |
| 14. Donald F. Anderson,<br>Trustee Anderson Family TR<br>UA 10/13/95 | Las Vegas, NV 89134 |
| 15. Nellie Irene Healy | Millington, TN 38053 |
| 16. James L. Dority | Santa Ana, CA 92705-7512 |
| 17. Thomas P. Kendellen | Greenfield, WI 53201 |
| 18. Marilyn Novello | Chicago, IL 60630 |
| 19. Christopher James Giles | Cumbria LA22 9AU UK |
| 20. Christine Styles | Napier 4110 New Zealand |
| 21. Karlene M. Guerette | East Hampton, CT 06424 |
| 22. William P. Gammie | Buckley, WA 98321 |
| 23. James P. Haen | Schofield, WI 54476 |

| | |
|---|---|
| 24. Sandra S. Boyd | Shadyside, OH 43947 |
| 25. Kent R. Wagner | Cincinnati, OH 45231 |
| 26. Cherri Watkins | Chillicothe, IL 61523 |
| 27. Emily VanDerPuy | Grand Haven, MI 49417 |
| 28. Jerry William Galligar | Oswego, IL 60543 |
| 29. Harold L. Hinkley | Mount Dora, FL 32757-9112 |
| 30. Wade Stynoski | Morton Grove, IL 60053-2074 |
| 31. Aloysius J. Kempf<br>Kathleen M. Kempf | Anoka, MN 55303-6120 |
| 32. John Adam Colquitt | Longview, TX 75604-3600 |
| 33. Bryan L. Wagoner<br>Brandon M. Wagoner | Gillespie, IL 62033 |
| 34. Bryan L. Wagoner<br>Zachary R. Wagoner | Gillespie, IL 62033 |
| 35. Georgia B. Petrie | Scotts Valley, CA 95066-4615 |
| 36. Karl M. Grisso<br>Dorothy L. Grisso | Charleston, IL 61920-4230 |
| 37. Joseph Calabrese III | Belleville, NJ 07109 |
| 38. Joseph Calabrese Jr. | Belleville, NJ 07109 |
| 39. Barbara E. Linn | Great Falls, MT 59405 |
| 40. Marilyn A. Spores | West Des Moines, IA 50266 |
| 41. Leonard V. Wojtowicz<br>Carol Wojtowicz, JT | Naperville, IL 60563 |
| 42. William Chalmers<br>Gertrude Louise Chalmers | Meridian, ID 83646-3459 |
| 43. Alice Davidson | Huntley, IL 60142 |
| 44. James R. Walker | Waco, TX 76705 |
| 45. The Bakers's Dozen<br>Investment Club<br>Carol J. Raap, President | Andover, SD 57422 |
| 46. Terry Pickel | Labadie, MO 63055 |
| 47. Jungsoo Park | Colorado Springs, CO 80906 |
| 48. Sally Harrington Holmes | Lawton, OK 73505-9668 |
| 49. Audrey Christiansen | Manitowoc, WI 54220 |

| | | |
|---|---|---|
| 50. | Karen G. Giambalvo | Mount Prospect, IL 60056 |
| 51. | Gloria J. Yurko<br>Donald E. Yurko | Streator, IL 61364 |
| 52. | Thomas A. Carlson | Missoula, MT 59802 |
| 53. | Estate of Charles A. Bean | Cozad, NE 69130-4108 |
| 54. | Terry Polansky | Forsyth, MO 65653 |
| 55. | James Robley Vidrine | Ville Platte, LA 70586 |
| 56. | Judy Truckenbrod | West Brooklyn, IL 61378-9526 |
| 57. | James J. Parisi | Park Ridge, IL 60068 |
| 58. | Charles R. Maier, TTEE<br>Charles R. Maier Living Trust | Wayne, NE 68787 |
| 59. | Betty H. Johnson | Thomson, MA 30824 |
| 60. | Robert F. Parker, Jr. | Sulphur Springs, TX 75482 |
| 61. | Vernon C. Ellis Jr. TTEE<br>U/A DTD 01/29/02<br>The Vernon C. Ellis Jr. Trust | Torrington, WY 82240 |
| 62. | Gerald F. Allenberg<br>Judith L. Allenberg<br>Gerald & Judith Allenberg TR | St. Charles, MO 63301-4494 |
| 63. | Donald J. Blake | Johnsburg, IL 60051 |
| 64. | Paula Charlene Cherry<br>Honeycutt | Pineville, AR 72566 |
| 65. | Joseph P. Clavet | Ridgecrest, CA 93555 |
| 66. | Cheryl Ann Mouton | Oakland, CA 94605 |
| 67. | Diana L. Smith | Springfield, IL 62702-4608 |
| 68. | Ronald G. Kimbrough<br>Mary Ann Kimbrough | St. Louis, MO 63128-2739 |
| 69. | Nicholas Matthew Kennedy | Albuquerque, NM 87109 |
| 70. | Nicholas Lemon Kennedy III<br>Jean Ann Kennedy | Albuquerque, NM 87109 |
| 71. | Frank J. Sitterle<br>c/o Barry A. McClenahan | San Antonio, TX 78230 |
| 72. | Carol Kannegieter | Watertown, SD 57201 |
| 73. | Mary Stynoski | Morton Grove, IL 60053-2074 |
| 74. | Eugenia W. Raper | Ashdown, AR 71822 |
| 75. | Charles Ross Werner<br>Joan L. Werner | Palm Desert, CA 92211 |