**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>    v.<br><br>WALGREEN CO. et al.,<br><br>           Defendants. | Civil Action No. 1:15-cv-3187<br><br>Honorable Sharon Johnson Coleman |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, an action is pending in this Court entitled *Washtenaw County Employees' Retirement System v. Walgreen Co. et al.*, Civil Action No. 1:15-cv-3187 (the "Action");

WHEREAS, by Memorandum Opinion and Order dated March 29, 2018, this Court certified the Action to proceed as a class action on behalf of a class of all persons and entities who purchased or otherwise acquired Walgreen Co. ("Walgreens") common stock between March 25, 2014 and August 5, 2014, inclusive, and were damaged thereby;

WHEREAS, pursuant to the Order dated December 18, 2019, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the class to notify them of, among other things: (i) the Action pending against defendants Walgreens, Gregory D. Wasson, and Wade D. Miquelon (collectively, "Defendants"); (ii) the Court's certification of the Action to proceed as a class action; and (iii) their right to request to be excluded from the class, the effect of remaining in the class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, by operation of the Court's Memorandum Opinion and Order regarding summary judgment dated November 2, 2021, the class previously certified by the Court was modified to consist of all persons and entities who purchased or otherwise acquired Walgreens

common stock between April 17, 2014 and August 5, 2014, inclusive, and were damaged thereby (the "Class"[1]);

WHEREAS, (a) Court-appointed Class Representative Industriens Pensionsforsikring A/S ("Class Representative"), on behalf of itself and the Class, and Defendants (together with Class Representative, the "Parties") have entered into the Stipulation and Agreement of Settlement dated June 23, 2022 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated June 29, 2022 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on October 7, 2022 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

---

[1]  Excluded from the Class by definition are: (i) any Defendant in this Action; (ii) the officers and directors of Walgreens; (iii) members of the immediate families of the individual Defendants in this Action; (iv) any entity in which any Defendant has or had a controlling interest; and (v) the legal representative, heirs, successors, or assigns of any such excluded party. Also excluded from the Class are the persons and entities identified on Exhibit 1 hereto that submitted a request for exclusion in connection with the Class Notice.

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 23, 2022; and (b) the Postcard Notice, the Settlement Notice, and the Summary Settlement Notice, all of which were filed with the Court on September 2, 2022.

3. **Notice** – The Court finds that the dissemination of the Postcard Notice and Notice Packet, the posting of the Settlement Notice on the Settlement Website, and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder and the prohibition against a second exclusion opportunity); (ii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution

(including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

4.  **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5.  **Objections** – There are no objections to the Settlement.

6.  **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class. Specifically, the Court finds that (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arms' length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed attorneys' fee and Litigation Expenses award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.  The Action and all of the claims asserted against Defendants in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice as to all

Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representative, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto who previously submitted a timely request for exclusion from the Class are excluded from the Class and are not bound by the terms of the Stipulation or this Judgment.

9.      **<u>Releases</u>** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Representative's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Class Representative's Claims against any of Defendants or the other Defendants' Releasees in any forum of any kind, whether or not such Class Member has executed or delivered a Proof of Claim Form.

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executives, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the other Class Representative's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against Class Representative or any of Class Representative's Releasees in any forum of any kind. This Release shall not apply to any person or entity who previously submitted a timely request for exclusion from the Class in connection with the Class Notice as set forth on Exhibit 1 hereto.

10.     Notwithstanding paragraphs 9 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – Based on its review of the record, the Court finds that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the

Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments preferred in connection therewith):

(a) shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of Class Representative's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Class Representative's Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Consolidated Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of Class Representative's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

      (c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

13.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Class Counsel in the Action; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

14.    Separate orders shall be entered regarding approval of the Plan of Allocation and the motion of Class Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Class Representative and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the

Court, Class Representative and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on May 25, 2022, as provided in the Stipulation.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 13th day of October, 2022.

_____
Honorable Sharon Johnson Coleman
United States District Judge

# EXHIBIT 1

**Walgreens Securities Litigation**
**Exclusion Report**

| Name | City, State, Zip |
|---|---|
| 1. Donald E. Struck<br>Joan C. Struck | Springfield, IL 62711-6030 |
| 2. Mary P. Carr | Lincolnwood, IL 60712 |
| 3. Melvin W. Harvey<br>Karen L. Harvey | Nenana, AK 99760 |
| 4. Robert R. Bakanowicz | Kimberling City, MO 65686 |
| 5. Charles H. Williamson<br>Joyce H. Williamson | Woodstock, GA 30188 |
| 6. John Eric Nelson | Oswego, IL 60543 |
| 7. Virginia Ann Benson | Springfield, TN 37172 |
| 8. Donna Rehman<br>Donald Rehman<br>Melanie Rehman | Winfield, IL 60190 |
| 9. Larry K. Gray | Tucson, AZ 85742 |
| 10. Jean Hack | Valparaiso, IN 46383 |
| 11. Emilio A. Vazquez<br>Emilio A. Vazquez, Jr. JT<br>Tenants | Miami, FL 33222-8177 |
| 12. David C. Morehouse<br>Alice M. Morehouse<br>Trustees of the Morehouse<br>Trust dated April 3, 2001 | Madison, WI 53719 |
| 13. Sonya C. Gans | Monticello, IL 61856 |
| 14. Donald F. Anderson,<br>Trustee Anderson Family TR<br>UA 10/13/95 | Las Vegas, NV 89134 |
| 15. Nellie Irene Healy | Millington, TN 38053 |
| 16. James L. Dority | Santa Ana, CA 92705-7512 |
| 17. Thomas P. Kendellen | Greenfield, WI 53201 |
| 18. Marilyn Novello | Chicago, IL 60630 |
| 19. Christopher James Giles | Cumbria LA22 9AU UK |
| 20. Christine Styles | Napier 4110 New Zealand |
| 21. Karlene M. Guerette | East Hampton, CT 06424 |
| 22. William P. Gammie | Buckley, WA 98321 |
| 23. James P. Haen | Schofield, WI 54476 |

| | |
|---|---|
| 24. Sandra S. Boyd | Shadyside, OH 43947 |
| 25. Kent R. Wagner | Cincinnati, OH 45231 |
| 26. Cherri Watkins | Chillicothe, IL 61523 |
| 27. Emily VanDerPuy | Grand Haven, MI 49417 |
| 28. Jerry William Galligar | Oswego, IL 60543 |
| 29. Harold L. Hinkley | Mount Dora, FL 32757-9112 |
| 30. Wade Stynoski | Morton Grove, IL 60053-2074 |
| 31. Aloysius J. Kempf<br>Kathleen M. Kempf | Anoka, MN 55303-6120 |
| 32. John Adam Colquitt | Longview, TX 75604-3600 |
| 33. Bryan L. Wagoner<br>Brandon M. Wagoner | Gillespie, IL 62033 |
| 34. Bryan L. Wagoner<br>Zachary R. Wagoner | Gillespie, IL 62033 |
| 35. Georgia B. Petrie | Scotts Valley, CA 95066-4615 |
| 36. Karl M. Grisso<br>Dorothy L. Grisso | Charleston, IL 61920-4230 |
| 37. Joseph Calabrese III | Belleville, NJ 07109 |
| 38. Joseph Calabrese Jr. | Belleville, NJ 07109 |
| 39. Barbara E. Linn | Great Falls, MT 59405 |
| 40. Marilyn A. Spores | West Des Moines, IA 50266 |
| 41. Leonard V. Wojtowicz<br>Carol Wojtowicz, JT | Naperville, IL 60563 |
| 42. William  Chalmers<br>Gertrude Louise Chalmers | Meridian, ID 83646-3459 |
| 43. Alice Davidson | Huntley, IL 60142 |
| 44. James R. Walker | Waco, TX 76705 |
| 45. The Bakers's Dozen<br>Investment Club<br>Carol J. Raap, President | Andover, SD 57422 |
| 46. Terry Pickel | Labadie, MO 63055 |
| 47. Jungsoo Park | Colorado Springs, CO 80906 |
| 48. Sally Harrington Holmes | Lawton, OK 73505-9668 |
| 49. Audrey Christiansen | Manitowoc, WI 54220 |

| | |
|---|---|
| 50. Karen G. Giambalvo | Mount Prospect, IL 60056 |
| 51. Gloria J. Yurko<br>Donald E. Yurko | Streator, IL 61364 |
| 52. Thomas A. Carlson | Missoula, MT 59802 |
| 53. Estate of Charles A. Bean | Cozad, NE 69130-4108 |
| 54. Terry Polansky | Forsyth, MO 65653 |
| 55. James Robley Vidrine | Ville Platte, LA 70586 |
| 56. Judy Truckenbrod | West Brooklyn, IL 61378-9526 |
| 57. James J. Parisi | Park Ridge, IL 60068 |
| 58. Charles R. Maier, TTEE<br>Charles R. Maier Living Trust | Wayne, NE 68787 |
| 59. Betty H. Johnson | Thomson, MA 30824 |
| 60. Robert F. Parker, Jr. | Sulphur Springs, TX 75482 |
| 61. Vernon C. Ellis Jr. TTEE<br>U/A DTD 01/29/02<br>The Vernon C. Ellis Jr. Trust | Torrington, WY 82240 |
| 62. Gerald F. Allenberg<br>Judith L. Allenberg<br>Gerald & Judith Allenberg TR | St. Charles, MO 63301-4494 |
| 63. Donald J. Blake | Johnsburg, IL 60051 |
| 64. Paula Charlene Cherry<br>Honeycutt | Pineville, AR 72566 |
| 65. Joseph P. Clavet | Ridgecrest, CA 93555 |
| 66. Cheryl Ann Mouton | Oakland, CA 94605 |
| 67. Diana L. Smith | Springfield, IL 62702-4608 |
| 68. Ronald G. Kimbrough<br>Mary Ann Kimbrough | St. Louis, MO 63128-2739 |
| 69. Nicholas Matthew Kennedy | Albuquerque, NM 87109 |
| 70. Nicholas Lemon Kennedy III<br>Jean Ann Kennedy | Albuquerque, NM 87109 |
| 71. Frank J. Sitterle<br>c/o Barry A. McClenahan | San Antonio, TX 78230 |
| 72. Carol Kannegieter | Watertown, SD 57201 |
| 73. Mary Stynoski | Morton Grove, IL 60053-2074 |

| | |
|---|---|
| 74. Eugenia W. Raper | Ashdown, AR 71822 |
| 75. Charles Ross Werner<br>Joan L. Werner | Palm Desert, CA 92211 |

14